STATE *vs.* R. P. ROSEMAN *et al.*

Upon the trial of an indictment for "unlawfully and wilfully demolishing" a public school-house, under chap. 24, sec. 103, Rev. Code, the record of a petition in equity of several persons who therein claimed title to the *locus in quo,* setting forth their title thereto as tenants in common, the order for partition, the report of the commissioners, and final decree, confirming that report, among whom was a party under whom the defendants claimed, there being evidence of defendant's possession, even if not sufficient evidence of title, is certainly admissible as evidence, tending to explain the possession of the defendants and their *bona fides.*

This was an indictment for defacing, &c., a common-school house under the Statute, tried before His Honor, Judge Cannon, at Fall Term 1871, of Rowan Superior Court.

There was evidence tending to prove that one T. Kesler had kept possession of the school-house from about 1863, until the time of the alleged injury, and had the house locked and kept the key.   It was also in evidence that said Kesler had claimed title to the house some time prior to the alleged injury, had consulted counsel as to his rights, and had been advised that his title thereto was good, and that he communica-

ted his claim of title, and the legal advice received to the defendants, and authorised them to do the acts complained of.

The defendants thereupon proposed to offer in evidence the proceedings of a suit in a late Court of Equity, the same being a petition filed for partition by the heirs at law of one C. Kesler in 1844, of whom said Kesler was one. The defendants proposed to offer in evidence the petition, all the orders and decrees therein, including the appointment of commissioners to divide the land, the report of the commissioners, and to show in addition that the school-house was situated on the lot of land laid off and assigned to T. Kesler, under whom they claimed, and that the report had been confirmed by a final decree.

All this evidence was objected to by the State, and rejected by His Honor on the ground that the report had not been registered. Defendants excepted.

There were other points made, but it is considered unnecessary to state them, as the case turned on the point above-stated.

There was a verdict of guilty, and from the sentence pronounced, the defendants appealed.

*Attorney General* for the State.
*Blackmer & McCorkle* and *Bailey* for the defendants.

READE, J. If the defendants were in the adverse possession of the school house, and *bona fide* claiming it as their own, it certainly was not a *crime* in them to pull it down. It was, therefore important for them to prove that fact, for the words of the Statute are, "shall unlawfully and wilfully demolish, &c." Rev. Code, ch. 34, sec. 103.

Upon the supposition that the record which was offered and rejected was not sufficient evidence of title upon an issue directly involving title it was certainly evidence tending to ex-

plain the *possession* of the defendants and the *bona fides* of what they did.

The rejection of this evidence was error, and entitles the defendants to a *venire de novo*, and therefore it is not necessary that we should consider the other exceptions; as they will probably not arise again.

There is error.   Let this be certified.

PER CURIAM.                              *Venire de novo.*