STATE *v.* R SEMAN and TREXLER.

## STATE *v.* R. P. ROSEMAN and BOYDEN TREXLER.

To an indictment for injuring a public school-house, the defendants, for a defence, set up a claim in a third person to the house alleged to be injured, and justified under the permission of such claimant, to commit the acts complained of: *Held,* that the charge of the Judge below, "if the jury believed the defendants honestly were of the belief that the house was the property of" such claimant, "and he had a right to give it to them, they were not guilty; but if the defendants did the acts complained of, willing to run the risk of a suit, or careless whether they had a right or not, that would not protect them, they would be guilty; or if they did the acts solely relying upon the promise of such claimant to protect them, they would be guilty," was as favorable as the defendants could ask, and was no good ground for a new trial.

INDICTMENT, (for injury to a public school house,) tried at the August (Special) Term, 1873, of ROWAN Superior Court, before his Honor, *Judge Albertson.*

The defendants were charged with demolishing a public school house, belonging to the school committee of the township. The defense was that the house belonged to one Tobias Kesler, and that in the injury committed they were acting under Kesler's orders.

A deed dated 27th of November, 1848, from Tobias Kesler, to the school committee of the 38th school district of the county of Rowan, and their successors in office, conveying the house, alleged in this indictment to be demolished, was read, after objection by the defendants on the ground that it had never been properly proved. (The handwriting of the subscribing witness, he being dead, was proved, and upon that proof the deed ordered by the Judge of Probate to be registered.) The State read the deed as evidence of a dedication of the house to the public. Defendants excepted.

For the State, it was also proved that the defendant, Roseman, with a colored man, was seen tearing down the chimney of the house, and upon being asked, if he was going to "tear down our school house," replied, "Yes in part; that Tobias

Kesler had given him permission to take the brick," &c., and that Kesler would "stand between him and danger;" that the colored man said, that he would have nothing to do with it, if he was going to get into trouble about it, when Roseman told him, that he, Roseman, would stand between him and harm.

It was also in evidence, that the school house had been continuously occupied, with the exception of two months during the year, by teachers of free schools and subscription schools, under the direction of the school committee. That since the war a subscription school was made up, and some one went to Tobias Kesler's for the key, who refused at the time to give it up, giving as a reason, that a "red string" should not occupy the house. He did not claim the property. Other witnesses testified to the injury to the house by defendants, and that it had been used for public school purposes under the direction of the committee. Some of them testified, that Jacob Kesler claimed the house from the time free schools stopped.

One of the school committee up to 1870–'71, had furnished locks to the door, and under the present township system, had exercised ownership and direction of the house, and it had never been disputed.

For the defendants, it was shown that Kesler claimed the house after the former sytem of common schools went down, and now and then exercised over it ownership, by locking it up, and that acting under the advice of counsel, he refused applicants using the house, and gave permission to defendants to take away the bricks, &c., telling them he would stand between them and danger.

The defendants requested his Honor to charge the jury:

1st. That if they believed the defendants pulled down the house under the authority given by Tobias Kesler, and that Kesler had title thereto, the defendants would not be guilty, however defective such title might turn out to be.

2d. That defendants were not required to know in whom the legal title to the house was, if they tore it down under the honest belief that it was the property of Tobias Kesler.

3d. That if the jury are satisfied that Tobias Kesler's claim was *bona fide*, and was communicated to the defendants, in committing the trespass in assertion of such claim, they would not be guilty, and the jury ought to acquit, notwithstanding Kesler's claim had no foundation in law.

4th. That if the jury were satisfied, that Kesler had possession, and defendants acted by his orders, they would not be guilty.

The Court charged the jury, that it was the duty of the defendants to inquire into the title to the property, before injuring it as they did ; that the fact of the deed not being registered until after the acts complained of, and the taking advice of counsel by Kesler, and the knowledge of the defendants thereof as to the proper construction of the deed, is left to the jury, as touching the *bona fides* of defendants in committing the trespass complained of.

That if the jury believe the defendants were honestly of the opinion that the house was the property of Kesler, and that he, Kesler, had a right to grant them permission to tear it down, they would not be guilty ; but if the defendants did the acts complained of, willing to run the risk of a suit, or careless whether they had a right or not, then that would not protect them, and they would be guilty ; or if they committed the offense, relying upon Kesler to stand between them and harm, they would be guilty. That the facts established did not constitute in law, such a possession of the house by Kesler, as would justify the acts of the defendants. That the recital in the deed, conveying to the " School Committee," could not be traversed by defendants, justifying under Kesler, who made it.

Defendants were convicted. Judgment and appeal.

*McCorkle & Bailey*, for defendants.
*Attorney General Hargrove*, for the State.

SETTLE, J. This indictment charging the defendants with the offense of injuring a public school house, was before this

Court on a former occasion, and is reported in 66 N. C. Rep. 634.

*The School Committee* v. *Kesler*, 67 N. C. Rep. 443, was a civil action to recover damages for the injuries complained of in this indictment.

A reference to those cases renders it unnecessary to state the facts, or to do more than briefly notice the points made upon the argument made at this term.

We think the rulings of his Honor, on all the points presented, were fully as favorable to the defendants as they could ask.

Passing by the objection to the evidence, which we think was clearly competent, his Honor instructed the jury that "if they believed that the defendants honestly were of the belief that the house was the property of Kesler, and he had the right to give it to them, they were not guilty; but if they did the acts complained of, willing to run the risk of a suit, or careless whether they had a right or not, that would not protect them, and they would be guilty; or if they did the acts solely relying upon the promise of Kesler to protect them, they would be guilty."

The jury found them guilty, and we think, upon the evidence which is reported and made a part of the case for this Court, that they were well warranted in so doing.

The evidence shows that they had discussed the danger of a prosecution, and that Roseman said, while tearing down the chimney, that Tobias Kesler "would stand between him and danger," and when the colored man, who was with him, said he would not do anything if he was to get into trouble, Roseman replied that "he would stand between him and trouble."

It is evident, as the jury found, that they were taking the risk of violating the law, relying upon the indemnity given by Tobias Kesler to stand between them and danger.

Let it be certified that there is no error.

PER CURIAM.                                    Judgment affirmed.