## STATE v. THE ROWLAND LUMBER COMPANY.

(Filed 12 October, 1910.)

1. **Corporations—Evidence—Indictment—Tenants—Removing Tenements, Etc.**

   The intent being an ingredient of the offense, a corporation is indictable for the acts of its officers and agents under Revisal, 3686, when the corporation is a tenant, etc., for injuring or damaging tenement houses, etc.; and the corporate existence may be shown, though not charged in the bill.

2. **Indictments—Words and Phrases—Tenants—Removing Tenements—Interpretation of Statutes.**

   Upon a trial for violating Revisal, 3686, the indictment reading, that defendant corporation, with the three other defendants "with force and arms did wilfully and unlawfully demolish, pull down and remove from said lands . . . the above-mentioned walled-in enclosure, stables, feed room or barn." etc. *Held,* (1) that nothing is charged in the bill to come within the meaning of a "tenement" or "outhouse," the former word referring to a dwelling or place of habitation, and the latter being in some respect a parcel of such dwelling and within the curtillage; (2) the words of the statute do not include "stables," a *casus omissus* for the Legislature and not for the courts; (3) "a walled-in enclosure" falls within the meaning of "a wall or other enclosure."

3. **Indictments—Misdemeanors—Accessories—Principals.**

   A charge in an indictment against a corporation and other defendants, for violating the provisions of Revisal, 3686, that all the defendants, except the corporation, were present assisting in doing the act, makes those present principals in the second degree, not accessories; if they were accessories, the result in this case would be the same, for in misdemeanors all aiders, abettors and accessories, whether before or after the fact, are principals.

4. **Indictment—Quash—Informalities, Etc.**

   An indictment under Revisal, 3686, may not be quashed or judgment arrested "by reason of any informality or refinement." Revisal, 3254.

5. Indictments — Sufficiency — Tenants — Removing Tenements — "Wilfully"—"Belief."

In order to convict a tenant under the provisions of Revisal, 3683, for wilfully and unlawfully demolishing, etc., any tenement house, etc., it is necessary to prove that the act was done "wilfully and unlawfully"; and it was error to refuse a prayer for instruction, that the defendants would not be guilty of "wilfully" removing, etc., if the jury shall find from the evidence that the defendants did reasonably and *bona fide* believe they had the right to do so.

APPEAL from *Cooke, J.*, at the May Term, 1910, of SAMPSON. The facts are sufficiently stated in the opinion.

*Attorney-General* and *Geo. L. Jones* for plaintiff.
*A. McL. Graham, H. A. Grady* for plaintiffs.

CLARK, C. J. The defendant lumber company and three of its employees were convicted for tearing down and removing a stable and fence in violation of Rev., 3686. That section provides: "If any tenant shall, during his term or after its expiration, wilfully and unlawfully demolish, destroy, injure or damage any tenement house, uninhabited house, or other outhouse, belonging to his landlord or upon his premises, by removing parts thereof or by burning, or in any other manner, or shall unlawfully and wilfully burn, destroy, pull down, injure or remove any fence, wall, or other enclosure, or any part thereof, built or standing upon the premises of such landlord, or shall wilfully and unlawfully cut down or destroy any timber, fruit, shade or ornamental tree belonging to said landlord, he shall be guilty of a misdemeanor."

The indictment alleges that defendant, Rowland Lumber Company, has recently been a tenant of the prosecuting witnesses; that it, said Rowland Lumber Company, Hardy Hare, Ed. Odom and Thomas Hefty, "with force and arms did wilfully and unlawfully demolish, pull down, injure and remove from the said lands and premises of the said Mr. and Mrs. P. M. Smith, the said above-mentioned walled-in enclosures, stables, feed-room or barn, etc."

The defendants moved to quash the bill and also in arrest of judgment because—

STATE *v*. LUMBER COMPANY.

First: A corporation is not liable to indictment under section 3686 of the Revisal;

Second: The bill of indictment does not charge any offense within the terms of said act; and

Third ǂ There being no offense charged of which the principal could be convicted, the other defendants could not be lawfully convicted as aiders and abettors.

The first ground that corporations cannot be convicted of an offense where the intent is an ingredient is no longer tenable. They are as fully liable in such cases as individuals. They are liable for libel, assaults and battery, etc. Corporate existence can be shown, though not charged in the bill. *S. v. Shaw,* 92 N. C., 768.

As to the second ground: The section in question, upon analysis, reads: "If any tenant (1) shall, during his term or after its expiration, wilfully and unlawfully, demolish, destroy, deface, injure or damage (*a*) any tenement house, (*b*) uninhabited house, or (*c*) other outhouse, belonging to his landlord, or upon his premises by removing part thereof, or by burning or in any other manner; or (2) shall unlawfully and wilfully, burn, destroy, pull down, injure or remove (*a*) any fence, (*b*) wall, or (*c*) other enclosure or any part thereof built or standing upon the premises of such landlord; or (3) shall unlawfully and wilfully cut down or destroy any (*a*) timber, (*b*) fruit, (*c*) shade, or (*d*) ornamental tree belonging to said landlord he shall be guilty of a misdemeanor."

It is charged in both the first and second counts of the bill that the defendant Rowland Lumber Company was a tenant of "certain stables, feed-room, barn, walled-in enclosure, fences;" but in neither of these counts is it charged that the defendants removed or tore down any fences, the averments as to removal being confined to "walled-in enclosure, stables, feed-room or barn buildings."

While the word "tenement" has a wide significance, the statute uses the word "tenement house," which is defined to be "a dwelling house, a building for a habitation." Webster's International Dict. "A tenement house is defined to be a dwelling house, or an apartment in a building used by one family; often, in modern

usage, an inferior dwelling house, rented to poor persons, or a dwelling erected for the purpose of being rented." 28 A. & E. Enc. (2 Ed.), 44, 45.

An uninhabited house "is a house that is fitted for habitation, but is unoccupied at the time." *S. v. Clark,* 52 N. C., 167.

"An outhouse has a technical meaning. . . . An outhouse is one that belongs to a dwelling, and is in some respects parcel of such dwelling house, and situated within the curtilage." *S. v. Roper,* 88 N. C., 656.

The words of the statute do not include stables, or any word that would embrace them. It is a *casus omissus,* which the Legislature, not the courts, must cure.

The word "fence" is in the statute and its removal is here charged but only in the third count. In that count all the defendants, except the lumber company, are charged as being present assisting in doing the act. This makes them principals in the second degree, not accessories. *S. v. Whitt,* 113 N. C., 719. But even if they had been charged as accessories the result is the same, for in misdemeanors all aiders, abettors and accessories, whether before or after the fact, are principals. *S. v. DeBoy,* 117 N. C., 702. Nor are we prepared to hold that the charge in the first and second counts of removing, pulling down, etc., a "walled-in enclosure" does not fall within the terms used in the statutes "a wall or other enclosure."

But although the indictment is sufficient, especially under Rev., 3254 (formerly Code, 1183), which forbids an indictment to be quashed or judgment arrested "by reason of any informality or refinement" and admitting the State's contention that the said Rowland Lumber Company had surrendered the buildings, etc., to the prosecutors, and taken a new lease for the same, still the defendants could not be guilty unless the act was done unlawfully and wilfully, which implies the doing of the act purposely and deliberately in violation of law. The court, therefore, erred in refusing the defendant's first prayer which was to that effect. *S. v. Roseman,* 66 N. C., 634; *S. v. Whitener,* 93 N. C., 590; *S. v. Godwin,* 138 N. C., 582; *S. v. Clifton,* 152 N. C., 800. It was also error to refuse the second prayer which was a corollary to the first, *i. e.,* "If the jury shall find from

the evidence that the defendants did reasonably and *bona fide* believe they had the right to remove the buildings, etc., they could not be guilty of removing them 'wilfully' so as to bring their act within the meaning of Rev., 3686." In such case the defendants would be liable civilly, if they in fact had no right to remove, but not criminally, under this section.

Error.