LOUISE K. BOYKIN, ADMINISTRATRIX OF THE ESTATE OF JOHN R. BOYKIN, DECEASED, v. WILLIAM E. BENNETT, JOHN R. TAYLOR AND ARTHUR RAY MATTHEWS.

(Filed 20 January, 1961.)

1. **Automobiles § 35— Complaint held not to disclose contributory negligence of passenger in car whose driver engaged in speed competition.**

   A complaint alleging that intestate was a gratuitous passenger in an automobile and was killed in an accident resulting when the driver lost control while engaged in a speed contest with two other vehicles, is not demurrable on the ground that the facts alleged disclose contributory negligence of intestate as a matter of law, since there is nothing in the complaint making it appear affirmatively that intestate knew, or by the exercise of reasonable care should have known, before the race was under way, that the drivers would engage in speed competition, or that he failed to take such measures as a reasonably prudent person would have taken after he learned that a race was contemplated or in progress.

2. **Negligence §§ 11, 20—**

   Contributory negligence is an affirmative defense which ordinarily must be set up in the answer, and it is only when the facts alleged in the complaint disclose contributory negligence patently and unquestionably that a demurrer on the ground of contributory negligence may be allowed.

3. **Automobiles §§ 30½, 35: Torts § 4—**

   Where two or more persons engage in speed competition upon the highway, each driver is a joint *tort-feasor* in engaging in the joint venture and in encouraging and inciting the others, and each may be held

liable, jointly or severally, by a third person injured as a result of such speed competition, even though the injured party is a gratuitous passenger in one of the cars (in the absence of contributory negligence) and is injured when the driver of the vehicle in which he is riding loses control without having come in contact with any other vehicle.

**4. Automobiles § 30½—**

The operation of a vehicle on the highway in speed competition is a misdemeanor and is negligence *per se.* G.S. 20-141.3(b).

APPEAL by plaintiff from *Parker, J.,* September 1960 Term, of LENOIR.

This is a civil action, instituted 18 July 1960. Plaintiff seeks to recover for the alleged wrongful death of her intestate, John R. Boykin.

The allegations of the complaint are summarized as follows:

About 1:10 A.M. on 29 August 1958 deceased, John R. Boykin, was riding as a "gratuitous passenger" in an automobile owned and being operated by defendant William E. Bennett along N. C. Highway 58. At the same time defendants John R. Taylor and Arthur Ray Matthews were each operating an automobile along N. C. Highway 58 in the same direction and in the same area as defendant Bennett. The three "defendants were engaged in a race with the said motor vehicle operated by them, and competing in speed each with the other as they proceeded southwardly from Smith's Store located on N. C. Highway 58, to the intersection of said Highway with U. S. Highway 70, during which said speed competition between them, they attained speeds of at least 100 miles per hour." Defendants and each of them were negligent in that they were racing motor vehicles on a public highway in speed competition, were exceeding the maximum speed limit and travelling at a rate in excess of 100 miles per hour without having their vehicles under control, and were driving recklessly. As a consequence of such negligence the automobile being operated by defendant Bennett left the highway at a curve, overturned at least five times, and threw plaintiff's intestate "at least 77 feet southwardly from the point along said highway at which said automobile came to rest, and inflicted upon him injuries from which he died instantly." The negligent acts of defendants concurred in bringing about the death of plaintiff's intestate, and the negligence of each defendant was a proximate cause of the death.

The defendants filed separate demurrers.

Defendants Bennett and Taylor each demurred on the ground that the "complaint does not allege facts sufficient to constitute a cause of

action in that it appears from the face of the complaint that plaintiff's intestate was contributorily negligent as a matter of law."

Defendant Matthews demurred on the ground that "it appears from the face of the complaint that the alleged acts of negligence of the defendants are independent acts of negligence and the acts of this demurring defendant did not concur with nor join in the alleged acts of the other defendants."

The court sustained the demurrers and dismissed the action.

Plaintiff appealed and assigned errors.

*Jones, Reed & Griffin for plaintiff.*

*John G. Dawson and Roberts & Stocks for defendant John R. Taylor.*

*White & Aycock for defendant, William E. Bennett.*

*Ward & Tucker for defendant, Arthur Ray Matthews.*

Moore, J.  It does not affirmatively appear from the allegations of the complaint that plaintiff's intestate was contributorily negligent as a matter of law. As to his conduct the sole allegation is that "he was riding as a gratuitous passenger" in the automobile owned and operated by defendant Bennett.

There is no allegation from which it affirmatively appears, or is necessarily implied, that plaintiff's intestate knew, or in the exercise of reasonable care should have known, before the race was underway, that defendants would engage in speed competition. Nor does the complaint show that he failed to take such measures as a reasonably prudent person would have taken after he learned that a race was contemplated or in progress. If he had knowledge of the race at a time when he could have safely quit the vehicle and refused to ride, or otherwise assumed the risk of the venture, or acquiesced in the race, this is a matter for the answer. Such facts are not alleged in the complaint. Contributory negligence is an affirmative defense. *Skinner v. Jernigan*, 250 N.C. 657, 662, 110 S.E. 2d 301; *James v. R. R.*, 233 N.C. 591, 599, 65 S.E. 2d 214. " 'In all actions to recover damages by reason of the negligence of the defendant, where contributory negligence is relied upon as a defense, it must be set up in the answer and proved on the trial.' G.S. 1-139. Where contributory negligence is the ground of objection, the demurrer will be sustained 'only where on the face of the complaint itself the contributory negligence of the plaintiff is patent and unquestionable.' *Ramsey v. Furniture Co.*, 209 N.C. 165, 169, 183 S.E. 536, and cases cited. Defendants cannot rely upon plaintiff's failure to allege facts sufficient to nega-

tive contributory negligence. The facts alleged must affirmatively show contributory negligence as a matter of law." *Skipper v. Cheatham*, 249 N.C. 706, 711-2, 107 S.E. 2d 625. In the complaint plaintiff is not required to negative negligence on his part.

The court erred in sustaining the demurrers interposed by defendants Bennett and Taylor.

We now consider the question raised by the demurrer of defendant Matthews. Are the acts of those who engage in racing motor vehicles on a public highway independent, or are they joint and concurrent? This question, insofar as it relates to the matters alleged in the complaint, is of first impression in this jurisdiction. No former decision of this Court deals directly with the situation here presented.

It is provided in G.S. 20-141.3(b) that "It shall be unlawful for any person to operate a motor vehicle on a street or highway wilfully in speed competition with another motor vehicle."

"Racing in the the public highways is a plain and serious danger to every other person using the way, and a danger it is often impossible to avoid. When persons are making such unlawful use of the highways and another is injured thereby, the former are liable in damages for the injuries sustained by the latter. And where a person is injured by such racing all engaged in the race are liable although only one, or even none, of the vehicles came in contact with the injured person." Berry: Automobiles, 7th Ed., Vol. 2, s. 2.398, p. 467.

"Since two motorists racing make a plain and serious danger to every other person driving along the highway, and one which is often impossible to avoid, it is of itself an act of such negligence as to make the racing drivers responsible for damage caused by it. . . . Where the negligence of a driver racing with another motorist cannot be attributed to a person riding in the car with him, the mere fact that such person was riding in a car engaged in a race does not defeat his right to recover for injuries resulting therefrom." Blashfield: Cyclopedia of Automobile Law and Practice, Perm. Ed., Vol. 1, s. 761, p. 706.

"If two or more persons, while racing automobiles upon a public highway in concert, injure another traveler or bystander, they are individually liable for the damage or injury so caused, although only one of the vehicles engaged in the race comes in contact with the injured person or the vehicle in which he is riding." *ibid*, s. 767, p. 713.

*Reader v. Ottis* (Minn. 1920), 180 N.W. 117, 16 A.L.R. 463, involves a two-car race on a public highway. Plaintiff was a passenger in one of the cars. While the automobile in which she was riding was attempting to pass the other racing vehicle on a curve it ran off the

pavement and into a ditch. Plaintiff was seriously injured and sued the operators and owners of both automobiles involved in the race. The Court declared: "Our highways are not designed or maintained as places for racing automobiles, and those who use them for such purpose do so at their peril. Nor does the fact that the injured party was riding in one of the racing cars necessarily relieve the respondents from liability. . . . The rule is well settled that, where two or more tort-feasors by concurrent acts of negligence, which, although disconnected, yet, in combination, inflict injury, all are liable. . . . one who is riding in a vehicle or car, the driver of which is not his agent or servant, nor under his control, and who is injured by the negligence of a third person and of such driver, may recover of the third person for the injuries inflicted through such concurring negligence."

In a Georgia case two automobiles were racing at a speed of approximately 70 miles per hour on a street in the City of Atlanta. A truck from which ice cream was being retailed was standing about four feet from the curb. Plaintiff, a small child, was standing near the truck waiting to purchase ice cream. With the ice cream truck standing in the street there was not sufficient street width to permit the racing cars to pass abreast. One passed the truck at 70 miles per hour and the other attempted to follow. The latter struck and injured plaintiff. The owners and operators of both racing cars and the owner of the ice cream truck were sued. The owner and the operator of the racing vehicle which did not strike plaintiff demurred generally and contended: ". . . that the allegations of the petition show that his car had passed the point of impact before the Williams automobile struck the plaintiff and that therefore no cause of action is set forth against him, inasmuch as the mere racing of an automobile is not negligence to the plaintiff where such automobile was beyond the point of impact at the time the second automobile engaged in the race struck the plaintiff." In ruling upon the demurrer the Court said: "With this contention the court cannot agree. 'Racing motor vehicles on a public highway is negligence, and all those who engage in a race do so at their peril, and are liable for an injury sustained by a third person as a result thereof, regardless of which of the racing cars actually inflicted the injury, or of the fact that injured person was a passenger in one of the cars.' 60 C.J.S., Motor Vehicles, s. 297, p. 702." *Landers v. French's Ice Cream Co.*, 106 S.E. 2d 325, 329 (1958).

*Jones v. Northwestern Auto Supply Co.* (Mont. 1933), 18 P. 2d 305, was a suit for recovery of damages for the wrongful death of one Floyd Jones. Mrs. Russell and one Ruddy were racing automobiles

on a public highway. Jones was a passenger in a car not involved in the race. The Russell car struck the vehicle in which Jones was riding. Jones was thrown from the vehicle onto the highway. The Ruddy car ran over him. Jones was killed. In discussing the liability of Russell and Ruddy the Court said: "The complaint, fairly and liberally construed, shows that the cause of action is based upon the concurrent negligence of the two drivers in converting the highway into a race track. As a consequence of the race the body of deceased was thrown from the car in which he was riding. Whether his death was produced by the impact causing him to be hurled from the car, or by reason of being run over by the Ruddy car is immaterial. The defendant would be liable therefor if it, through its agent Ruddy, participated in the race. . . . The allegation that the Ruddy car ran over the deceased is but an allegation relative to the sequence of events resulting from the negligent act of racing, and failure to prove the allegation under the circumstances here would simply amount to a failure of proof with respect to an immaterial detail as to how the injury and death occurred. Or, in other words, if the impact between the Russell car and the car in which Jones was riding caused his death, and if the impact was caused by the racing, it is of no consequence whether or not the Ruddy car ran over the decedent. . . . The negligence charged — the racing — if proved, and that it produced the death, would be sufficient whether the allegation that the Ruddy car ran over defendant was proved or not." (p. 308.)

*Saisa v. Lilja* (CCA 1C 1935), 76 F. 2d 380, involves automobiles racing on a highway. L and K were engaged in the race. K struck and killed a pedestrian. L and K were both sued for the wrongful death. L testified he was not in the vicinity of the accident at the time it occurred, that he had abandoned the race sometime before, and that his car did not in any way cause K to hit deceased. There was some evidence to the contrary. In discussing instructions given the jury by the District Judge the Court said: "The District Judge instructed the jury in substance that if the defendant and Keefe engaged in a race as stated, and Keefe at a time when he did not know that the defendant had withdrawn and supposed that the race was still on, negligently struck the intestate, the defendant would be liable if the jury regarded his connection with the accident as negligence. In our opinion the ruling was right. The race itself was a joint enterprise in which each racer was a participant, although 'because of the statute the damages must be assessed severally, with separate verdicts and judgments.' (Citing authorities.) As against persons legitimately using the highway and entitled to the rights of travelers on it, the defendant

and Keefe were engaged in a joint tort, in the prosecution of which each was responsible for the acts of the other. (Citing cases.) This responsibility lasted as long as either continued to act under the agreement for the race, without knowledge of its abandonment by the other, and within the scope of it." (p. 381.)

In *Carney v. De Wees* (Conn. 1949), 70 A. 2d 142, a passenger in a car engaged in a race with another motor vehicle on a highway was killed. In discussing the liability of the operators of the two vehicles the Court said: "The evidence warranted the jury in finding, as suggested above, facts which established a sequence of improper conduct by the two drivers, that on the part of De Wees serving to incite and encourage the misconduct of Valentino. This afforded a basis of liability within the following principle: 'For harm resulting to a third person from the tortious conduct of another, a person is liable if he * * * (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself.' Restatement, 4 Torts, s. 876. 'If the encouragement or assistance is a substantial factor in causing the resulting tort, the one giving it is himself a tort-feasor and is responsible for the consequences of the other's act.' Id., comment on clause (b). (Citing authorities)." (pp. 145-6).

Further detailed consideration of cases from other jurisdictions would be superfluous. But the following cases support the principles set out above: *Giemza v. Insurance Co.* (Wis. 1960), 103 N.W. 2d 538; *Deck v. Sherlock* (Neb. 1956), 75 N.W. 2d 99; *Bybee v. Shanks* (Ky. 1952), 253 S.W. 2d 257; *Ironside v. Ironside* (Okla. 1940), 108 P. 2d 157, 134 A.L.R. 621; *Mesmer v. Wagner* (La. 1936), 168 S. 378; *Gay v. Samples* (Mo. 1933), 57 S.W. 2d 768; *Oppenheimer v. Linkous' Adm'x.* (Va. 1932), 165 S.E. 385; *Bleumel v. Kroizy* (Cal. 1931), 298 P. 825; *Electric Co. v. Perkins* (Md. 1927), 136 A. 50; *Thomas v. Rasmussen* (Neb. 1921), 184 N.W. 104; *Rose v. Gypsum City* (Kan. 1919), 179 P. 348; *DeCarvalho v. Brunner* (N.Y. 1918), 119 N.E. 563; *Brown v. Thayer* (Mass. 1912), 99 N.E. 237; *Bogart v. City of New York*, 93 N.E. 937 (1911); *Hanrahan v. Cochran*, 42 N.Y. Supp. 1031 (1896); *Middlestadt v. Morrison* (Wis. 1890), 44 N.W. 1103; *Potter v. Moran* (Mich. 1886), 27 N.W. 854.

The principles enunciated in the foregoing authorities have been universally applied. We find no contrary holdings.

The violation of the racing statute, G.S. 20-141.3(a) and (b), is negligence *per se*. Those who participate are on a joint venture and are encouraging and inciting each other. The primary negligence involved is the race itself. All who wilfully participate in speed com-

petition between motor vehicles on a public highway are jointly and concurrently negligent and, if damage to one not involved in the race proximately results from it, all participants are liable, regardless of which of the racing cars actually inflicts the injury, and regardless of the fact that the injured person was a passenger in one of the racing vehicles. Of course, if the injured passenger had knowledge of the race and acquiesced in it, he cannot recover. A participant who abandons the race, to the knowledge of the other participants, before the accident and injury, may not be held liable.

We find that the complaint sufficiently alleges that defendants wilfully and jointly engaged in a race of motor vehicles in speed competition on a public highway of this State, and as a result of the race plaintiff's intestate came to his death.

The court erred in sustaining the demurrer of defendant Matthews. The judgment below is

Reversed.