EMMA KIDWELL TAMBOLES v. SALVATORE P. ANTONELLI.

(Filed 12 April, 1967.)

Automobiles § 44— Evidence held insufficient to raise issue of contributory negligence in following too closely and stopping without signal.

Defendant's evidence was to the effect that the car he was following suddenly stopped without warning, that he unavoidably collided with the rear of this car and knocked it into the rear of plaintiff's car. Defendant alleged plaintiff was following too closely the vehicle in front of her and that plaintiff suddenly reduced speed and attempted to stop without first seeing that such movement could be made in safety and without giving the statutory signal, but defendant's testimony was to the effect that the allegations of contributory negligence were predicated upon mere assumptions, since defendant could not see plaintiff's car because of the intervening vehicle. *Held:* The evidence is insufficient to raise the issue of contributory negligence and the court committed error in submitting such issue.

APPEAL by plaintiff from *Cohoon, J.,* October 17, 1966 Civil Session, NASH Superior Court.

The plaintiff, Emma Kidwell Tamboles, instituted this civil action against Salvatore P. Antonelli for personal injuries resulting from a rear end automobile collision. The allegations in her complaint, briefly summarized, disclosed the following: On July 6, 1964, about 11:30 a.m., she was driving a 1961 Corvair south on U. S. Highway #301, near Rocky Mount. The highway at the time was 24 feet wide with a dividing line down the middle separating the two traffic lanes. The west lane was for southbound traffic and the east lane for northbound traffic. The motor vehicle traffic south was

heavy, moving in a single line about 40 miles per hour. The plaintiff testified:

> "I was going south on 301 when all of a sudden a car in front of me stopped without a signal or warning. I was compelled to put on my brakes to avoid hitting the car. In doing so, another car crashed behind me, which threw me against the steering wheel. . . . The car ahead of me was five or six car lengths from the front of my car when I stopped. After I stopped, not very far. It was just about a yard. I almost hit him.

> \*    \*    \*

> It was almost immediately after I stopped when I felt this blow in the rear. . . ."

The plaintiff's evidence further disclosed that a 1964 model Chevrolet, driven by Mrs. Ellen, struck the rear of plaintiff's Corvair. Mrs. Ellen had seen the plaintiff's brake light flash and immediately jammed her brakes. However, she saw she had more time and distance than first appeared; consequently, she released them and applied the brakes more gently and stopped a few feet behind the plaintiff's Corvair. She was immediately hit from behind by the defendant's Mercury, and her vehicle was driven into the rear of the plaintiff's Corvair. The plaintiff introduced medical and other evidence of her injuries resulting from the collision.

The defendant, by answer, denied all allegations of his negligence and pleaded contributory negligence as a bar to the plaintiff's right to recover. Because of its importance on the appeal, the full text of the plea of contributory negligence is here quoted:

> "AND AS A FURTHER ANSWER AND DEFENSE, THE DEFENDANT SAYS:
>
> The defendant was following in a line of traffic on Monday, July 6, 1964, and sometime around 11:30 to 12:00 o'clock in the morning, was traveling south on U. S. Highway No. 301, just north of Rocky Mount. At this place, the highway was two-laned, one lane for northbound traffic and the other lane for southbound traffic. The posted speed limit was 45 miles an hour, but these cars were traveling through the open countryside. The car in front of defendant was observed to reduce speed, and the defendant likewise reduced his speed. The car ahead then resumed its normal speed, as did the defendant. Suddenly and without any warning whatsoever, the car in front of the defendant slammed on brakes, and before the defendant could stop, he had run into the forward car (the forward car being driven by a Mrs. Ellen).

If the defendant was negligent upon the occasion of this accident, which is denied, but if the defendant was negligent, then the plaintiff herself was careless and negligent in that:

She was following too closely the vehicle in front of her;

She abruptly reduced speed and attempted to stop, without first seeing that such movement could be made in safety;

On abruptly reducing speed and attempting to stop, she failed to give a signal of her intention to stop, plainly visible to the drivers of vehicles following her;

She failed to keep a careful lookout, and to keep her car under the control that was required by the existing traffic conditions.

This conduct on the part of the plaintiff was one of the contributing causes of this accident, and such contributory negligence is expressly pleaded as a bar to plaintiff's right to recover herein."

The defendant, Mr. Antonelli, testified: "This is how the accident happened: . . . (W)ithout warning the car in front of me, her taillight come on, a screech of brakes, I hollered to my wife, 'Look out,' I hit my brakes and all of a sudden it was bang-bang. . . . There were skid marks under Mrs. Ellen's car, and skid marks also under my car." These marks in each instance were 3 to 5 feet long.

On cross examination the defendant, with reference to his plea in bar, said: "I read the paragraph before I signed it. I stated Mrs. Tamboles was careless and negligent and that she was following too closely the vehicle in front of her, because I assume that's why she had to make a sudden stop. . . . At the time I signed the Answer, I assumed, . . . she had to have a sudden stop. . . . (S)o I assumed she did not signal . . . I could not see where she was, whether she could or could not . . . there was a car between. I know this car is in front of me but whether they were able to signal all the way back I don't know."

At the conclusion of the evidence the plaintiff tendered issues of defendant's negligence and plaintiff's damage. The Court refused to submit the plaintiff's issues, and over plaintiff's objection submitted three issues: (1) defendant's negligence, (2) plaintiff's contributory negligence, and (3) damages. The jury returned affirmative answers to the issues of negligence and contributory negligence. From the judgment dismissing the action, the plaintiff appealed, assigning the errors.

*Don Evans, for plaintiff appellant.*
*Battle, Winslow, Scott & Wiley by J. B. Scott and Samuel S. Woodley, Jr., for defendant appellee.*

HIGGINS, J.　The only serious controversy arising on this appeal involves the plea of contributory negligence. The plea in its entirety is quoted in the preliminary statement. The first paragraph sets forth the ultimate facts "the car in front of defendant was observed to reduce speed and the defendant likewise reduced his speed. The car ahead then resumed normal speed, as did the defendant. Suddenly and without any warning whatsoever the car in front of the defendant slammed on brakes and before the defendant could stop, he had run into the forward car (the forward car being driven by Mrs. Ellen)." In these factual allegations there is not a single reference to any act or failure to act on the part of the plaintiff. The facts alleged refer only to the defendant and to Mrs. Ellen, who is not a party to the action.

After the factual recitals above quoted, the defendant set forth further allegations: (1) plaintiff was following too closely; (2) she abruptly reduced speed without first seeing if the move could be made in safety; (3) she failed to give a plainly visible signal of her intention to stop; and (4) she failed to keep a careful lookout and her car under control. If we assume the above numbered parts of the plea are allegations of fact, nevertheless the plea is without any support in the evidence. For that reason, it was error to submit the issue to the jury. *Rodgers v. Thompson,* 256 N.C. 265, 123 S.E. 2d 785; *Hunt v. Wooten,* 238 N.C. 42, 76 S.E. 2d 326.

The defendant admitted his allegations of plaintiff's contributory negligence were based, not on his knowledge, but on his suppositions. He admitted the Ellen Chevrolet was between him and the plaintiff's Corvair, and that he did not see or observe the movement of her vehicle and did not know of her failure to act properly in its operation. The defendant's wife, who was his only witness, testified: "I was not really paying attention to anything. He just said 'watch out' and I tightened up my arm on the seat and when I turned around we were hit." All other witnesses testified for the plaintiff. Their evidence was insufficient to permit a finding of any negligent acts or omissions on her part. Contributory negligence (if properly alleged) is not supported by evidence and hence fails as a defense. *Boykin v. Bennett,* 253 N.C. 725, 118 S.E. 2d 12; *Skipper v. Cheatham,* 249 N.C. 706, 107 S.E. 2d 625.

The Court committed error in submitting the issue of contributory negligence. We need not consider the plaintiff's assignment of

error as to the charge on that issue since it was not properly before the jury. By reason of the Court's error in submitting the issue of contributory negligence, the plaintiff is entitled to and .is. awarded a

New trial.