BARRY T. HARRINGTON v. JOSEPH BRIGHT COLLINS

No. 7811SC390

(Filed 3 April 1979)

1. Automobiles § 94— passenger's failure to take action for own safety—contributory negligence—jury question

Whether an automobile passenger's failure to take affirmative action for his own safety constitutes contributory negligence is for the jury where conflicting inferences may be drawn from the circumstances.

2. Automobiles § 94.10— contributory negligence by passenger—willful or wanton conduct by driver

Ordinarily, contributory negligence on the part of a plaintiff does not bar recovery when the willful and wanton conduct of a defendant is a proximate cause of plaintiff's injuries.

3. Automobiles § 37— violation of racing statute—negligence per se

Violation of the racing statute, G.S. 20-141.3(a), is negligence per se.

4. Automobiles §§ 52, 94.10— prearranged racing—willful or wanton conduct

Defendant's participation in a prearranged automobile race on the public highway in violation of G.S. 20-141.3(a) constituted willful or wanton conduct and was, as a matter of law, a proximate cause of injuries received by plaintiff passenger in a collision during the race.

5. Automobiles § 94.6— contributory negligence of passenger—failure to leave automobile—failure to remonstrate with driver

In a passenger's action to recover for injuries received in a collision between two racing automobiles, the evidence was sufficient for submission of an issue as to whether plaintiff was contributorily negligent in failing to leave the automobile in which he was riding when he had an opportunity to do so prior to the race in which he was injured and in failing to remonstrate with the driver about the racing or driving at a high speed.

6. Automobiles § 94.10— willful or wanton conduct by both driver and passenger

A plaintiff cannot recover against a defendant whose conduct is willful or wanton when the plaintiff's negligence is also willful or wanton and a proximate cause of his injuries.

7. Automobiles § 94.1— acquiescence of passenger in prearranged race—willful or wanton conduct—jury question

In order for a passenger in a racing vehicle to be barred from recovery for injuries received in a collision during the race on the ground that he "acquiesced" in the race, the evidence must show that the passenger did more than fail to speak, remonstrate or leave the vehicle, but must show that he in some way participated or was involved in the race. The evidence in this case was insufficient to show as a matter of law that plaintiff passenger acquiesced in his driver's participation in the race, and whether he did so acquiesce was a

Harrington v. Collins

question of fact for the jury under the issue of whether plaintiff's conduct was willful or wanton.

APPEAL by plaintiff from *Gavin, Judge.* Judgment entered 2 February 1978 in Superior Court, HARNETT County. Heard in the Court of Appeals 6 February 1979.

Plaintiff appeals from directed verdict at close of his evidence, based upon the trial court's finding plaintiff contributorily negligent as a matter of law. We reverse.

Plaintiff's evidence tends to show that on 24 December 1974, he left his girlfriend about 11:30 p.m. and drove to the Pioneer Grill in his car. He went to the car of Woody Salmon parked at the grill. Salmon was in the driver's seat, and Lynn Stewart and Ronnie Dennis were seated in the car. Dennis asked him to get in Salmon's car and he did so, in the seat behind the driver. The car motor was already running. The defendant, J. B. Collins, pulled up beside them, and they "took off." The two cars were racing. They headed down U.S. Highway 421 toward the crossroads. On the way, plaintiff was not concerned at all about the racing and did not say anything to the driver. The Salmon car got to the crossroads first, pulled to the shoulder of the road, and stopped. Plaintiff never said anything to Salmon about the way he was driving. Collins pulled in shortly, and wanted to race back to the grill. Salmon said he didn't want to race back as he did not have much gas. Collins offered to bet Salmon $5.00 to race back, and when one of the other boys in Salmon's car agreed to cover the bet, they decided to go ahead and race. They were stopped at the crossroads about a minute, and while they were talking, plaintiff did not say anything at all. They started back almost immediately, and the Salmon car passed Collins. When they got back to the grill, Collins attempted to pass Salmon, hit the left side of his car, causing it to leave the road. Plaintiff suffered severe and permanent injuries, as did Dennis. Salmon and Stewart were killed. The entire episode lasted about five minutes.

*Woodall and McCormick, by Edward H. McCormick, and Bowen and Lytch, by Wiley F. Bowen, for plaintiff appellant.*

*Bryan, Jones, Johnson, Hunter & Greene, by Robert C. Bryan, for defendant appellee.*

MARTIN (Harry C.), Judge.

[1] Plaintiff argues that the trial court committed error in dismissing the action at the conclusion of plaintiff's evidence. In considering the motion for directed verdict, plaintiff's evidence must be taken as true and treated in the light most favorable to him. A directed verdict may be granted only if the evidence is insufficient to justify a verdict for plaintiff as a matter of law. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1973). A directed verdict on the basis of contributory negligence may be granted only when the evidence, taken in the light most favorable to plaintiff, establishes his negligence so clearly that no other reasonable inference or conclusion may be legitimately drawn therefrom. *Clark v. Bodycombe*, 289 N.C. 246, 221 S.E. 2d 506 (1976). Ordinarily, the question of contributory negligence of a guest in an automobile is for the jury to determine in the light of the facts and circumstances of the case. *Allen v. Metcalf*, 261 N.C. 570, 135 S.E. 2d 540 (1964). Thus, whether a passenger's failure to take affirmative action for his own safety constitutes contributory negligence is for the jury where conflicting inferences may be drawn from the circumstances. *Samuels v. Bowers*, 232 N.C. 149, 59 S.E. 2d 787 (1950); *Jackson v. Jackson*, 4 N.C. App. 153, 166 S.E. 2d 541 (1969).

Defendant Collins avers, and plaintiff's evidence shows, that Salmon and Collins were engaged in a prearranged automobile race on the public highway when the collision occurred. This evidence is uncontradicted. Plaintiff did not allege defendant was negligent by engaging in prearranged racing. However, defendant on cross-examination brought out facts to support such allegation. When issues not raised by the pleadings are tried by the consent of the parties, express or implied, they shall be treated in all respects as if they had been raised in the pleadings. It is not necessary that the pleadings be amended. N.C. Gen. Stat. 1A-1, Rule 15(b).

[2] Ordinarily, contributory negligence on the part of a plaintiff does not bar recovery when the wilful and wanton conduct of a defendant is a proximate cause of plaintiff's injuries. *Brewer v. Harris*, 279 N.C. 288, 182 S.E. 2d 345 (1971); *Brendle v. R. R.*, 125 N.C. 474, 34 S.E. 634 (1899).

[3]  Violation of the racing statute, N.C.G.S. 20-141.3(a), is negligence *per se. Boykin v. Bennett,* 253 N.C. 725, 118 S.E. 2d 12 (1961). The Court in *Brewer* quoted with approval the following from *Foster v. Hyman,* 197 N.C. 189, 148 S.E. 36 (1929):

> "An act is done wilfully when it is done purposely and deliberately in violation of law (*S. v. Whitner,* 93 N.C. 509; *S. v. Lumber Co.,* 153 N.C. 610 [69 S.E. 58]), or when it is done knowingly and of set purpose, or when the mere will has free play, without yielding to reason. *McKinney v. Patterson, supra.* [174 N.C. 483, 93 S.E. 967]. 'The true conception of wilful negligence involves a deliberate purpose not to discharge some duty necessary to the safety of the person or property of another, which duty the person owing it has assumed by contract, or which is imposed on the person by operation of law.' Thompson on Negligence (2 ed.), sec. 20, quoted in *Bailey v. R. R.,* 149 N.C. 169 [62 S.E. 912].

> "An act is wanton when it is done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others. *Everett v. Receivers,* 121 N.C. 519 [27 S.E. 991]; *Bailey v. R. R., supra.* A breach of duty may be wanton and wilful while the act is yet negligent; the idea of negligence is eliminated only when the injury or damage is intentional. *Ballew v. R. R.,* 186 N.C. 704, 706 [120 S.E. 334, 335]."

*Brewer v. Harris, supra* at 296-97, 182 S.E. 2d at 350; *Siders v. Gibbs,* 39 N.C. App. 183, 249 S.E. 2d 858 (1978).

[4]  Defendant pleaded guilty to violating N.C.G.S. 20-141.3(a) (prearranged racing), it being stipulated that the facts involved in the racing charge were the same facts out of which this lawsuit arose. Defendant has judicially stipulated that he wilfully violated the statute. The statute by its terms involves wilful and wanton conduct. The Court in *Boykin* stated:

> "Since two motorists racing make a plain and serious danger to every other person driving along the highway, and one which is often impossible to avoid, it is of itself an act of such negligence as to make the racing drivers responsible for damaged caused by it. . . . Where the negligence of a driver racing with another motorist cannot be attributed to a person

riding in the car with him, the mere fact that such person was riding in a car engaged in a race does not defeat his right to recover for injuries resulting therefrom." Blashfield: Cyclopedia of Automobile Law and Practice, Perm. Ed., Vol. 1, s. 761, p. 706.

. . . .

. . . " . . . 'Racing motor vehicles on a public highway is negligence, and all those who engage in a race do so at their peril, and are liable for an injury sustained by a third person as a result thereof, regardless of which of the racing cars actually inflicted the injury, or of the fact that injured person was a passenger in one of the cars.' 60 C.J.S., Motor Vehicles, s. 297, p. 702." *Landers v. French's Ice Cream Co.*, 106 S.E. 2d 325, 329 (1958).

*Boykin v. Bennett, supra* at 728-29, 118 S.E. 2d at 14-15. We hold that Collins' participation in the prearranged race with Salmon was wilful or wanton conduct, and, as a matter of law, a proximate cause of plaintiff's injuries. *See Williams v. Power & Light Co.*, 296 N.C. 400, 250 S.E. 2d 255 (1979).

[5]    We turn now to the issue of plaintiff's alleged contributory negligence. Defendant's motion for directed verdict was on "the ground that plaintiff's evidence proved the plaintiff to be contributorily negligent as a matter of law." Defendant did not contend in his motion that plaintiff's conduct was wilful or wanton. Nor does he so aver in his answer. Defendant alleges plaintiff aided and encouraged Salmon to operate his motor vehicle at a high rate of speed. The record does not contain any evidence to support this allegation. Defendant also alleges Salmon was under the influence of intoxicating beverages while driving the car and that plaintiff knew this and still rode with him. There is no evidence in the record to sustain this allegation. Defendant alleges that plaintiff, when he knew (or should have known) Collins and Salmon were going to race their cars on the highway, failed to leave the Salmon automobile, although he had an opportunity to do so, and failed to remonstrate with Salmon about the racing, or driving at a high speed. The evidence, in the light most favorable to plaintiff, tends to show that plaintiff did not know Collins and Salmon were going to race when he got into the Salmon car at the grill and Salmon drove off. He did not object, remonstrate or speak to

Salmon about his driving at all. Plaintiff was really surprised that Salmon raced. The cars were at the crossroads about a minute, and although plaintiff heard the talk about racing back, he did not participate in the conversation or say anything to Salmon. When they got to the crossroads and started back, plaintiff knew they were racing.

In *Pearce v. Barham*, 271 N.C. 285, 156 S.E. 2d 290 (1967), the defendant alleged as contributory negligence plaintiff's failure to protest and remonstrate to the driver about his operation of the car, and failure to ask the driver to stop and let her get out of the car. The Court held: "Such conduct on the part of plaintiff would be no more than ordinary negligence and would not be a bar to recovery if plaintiff were injured as a result of Calvin's wilful or wanton conduct." *Id.* at 289-90, 156 S.E. 2d at 294. We hold the evidence was sufficient to submit the question of plaintiff's contributory negligence to the jury.

Although plaintiff may have been contributorily negligent as a matter of law, a question that we do not decide, it is not a sufficient basis to direct a verdict against plaintiff, where defendant Collins' conduct is wilful or wanton as a matter of law, or where there is sufficient evidence to submit the issue of whether his conduct was wilful or wanton to the jury. *Brewer, supra; Pearce, supra.*

[6] The law as stated in *Brewer* and *Pearce* is that ordinarily, contributory negligence on the part of a plaintiff does not bar a recovery when the wilful and wanton conduct of a defendant is a proximate cause of plaintiff's injuries. The question then logically arises, whether plaintiff can recover against a defendant whose conduct is wilful and wanton, when plaintiff himself is responsible for wilful or wanton conduct which is a proximate cause of his injuries. The following appears in *Pearce*:

> "While there is some authority to the contrary, it has been held that no recovery can be had for an injury willfully and wantonly inflicted, where willful or wanton conduct for which plaintiff is responsible contributed as a proximate cause thereof." 65A C.J.S., Negligence § 131(a), p. 113. *Accord,* 38 Am. Jur., Negligence § 178, p. 856; 2 Restatement 2d, Torts § 503; *Gulf Mobile & Ohio R. Co., v. Freund,* 183 F. 2d 1005 (8th Cir., 1950), 21 A.L.R. 2d 729.

*Pearce v. Barham, supra* at 289, 156 S.E. 2d at 294. It is unclear in *Pearce*, whether the Court adopted this quotation as law in North Carolina. The Court noted that defendant did not characterize plaintiff's conduct as wilful or wanton. *Pearce* was decided before the adoption of N.C.G.S. 1A-1, Rules of Civil Procedure, and therefore Rule 15(b) had no application to the facts in that decision. In *Brewer*, the following appears: "We note, in passing, that this appeal does not require decision as to whether plaintiff [Brewer] could recover if both Brewer and Rudisill had been guilty of wilful and wanton conduct which was a proximate cause of Brewer's injury." *Brewer v. Harris, supra* at 299, 182 S.E. 2d at 351. We hold the answer to the above question is that a plaintiff cannot recover against a defendant whose conduct is wilful or wanton, when the plaintiff's conduct is also wilful or wanton and a proximate cause of his injuries. However, in the case at bar, the trial court did not consider whether plaintiff's conduct was wilful or wanton as a matter of law. This appeal does not require us to so decide.

[7]  Finally, we are faced with the issue of whether plaintiff's conduct constituted "acquiescence" within the meaning of *Boykin*:

> The violation of the racing statute, G.S. 20-141.3(a) and (b), is negligence *per se*. Those who participate are on a joint venture and are encouraging and inciting each other. The primary negligence involved is the race itself. All who wilfully participate in speed competition between motor vehicles on a public highway are jointly and concurrently negligent and, if damage to *one not involved in the race* proximately results from it, all participants are liable, regardless of which of the racing cars actually inflicts the injury, and regardless of the fact that the injured person was a passenger in one of the racing vehicles. *Of course, if the injured passenger had knowledge of the race and acquiesced in it, he cannot recover.*

*Boykin v. Bennett, supra* at 731-32, 118 S.E. 2d at 17 (emphases added). Here the Court appears to equate "being involved in the race" with "having knowledge of the race and acquiescing in it." The Court held in *Pearce* that mere failure to protest or remonstate or ask the driver to stop and let plaintiff out, is no more than ordinary negligence. It thus appears something additional is required to constitute "acquiescence."

"Acquiescence" is defined:

> Conduct recognizing the existence of a transaction, and intended, in some extent at least, to carry the transaction, or permit it to be carried, into effect; it is some act, not deliberately intended to ratify a former transaction known to be voidable, but recognizing the transaction as existing, and intended, in some extent at least, to carry it into effect, and to obtain or claim the benefits resulting from it, and thus differs from "confirmation," which implies a deliberate act, intended to renew and ratify a transaction known to be voidable.

Black's Law Dictionary 40 (4th ed. rev. 1968). "Acquiescence" implies acceptance or approval, active assent, active consent, knowledge and assent. 1 C.J.S. 915.

Collins' negligence is the wilful violation of N.C.G.S. 20-141.3(a), the prearranged racing statute, and constitutes a crime. In order for plaintiff to be a party to the offense, he must do more than fail to speak, remonstrate or leave the car. The evidence presented is not sufficient to hold as a matter of law that plaintiff was a principal in the second degree, as an aider or abettor, with Collins or Salmon in committing the offense. Mere presence, even with no effort to prevent the crime, or even with silent approval of or sympathy with the criminal, or even with the intention of assisting, is not aiding and abetting, unless the intent to assist, if necessary, is in some way communicated to the perpetrator of the crime. *State v. Sanders*, 288 N.C. 285, 218 S.E. 2d 352 (1975), *cert. denied*, 423 U.S. 1091, 47 L.Ed. 2d 102 (1976); *State v. Rankin*, 284 N.C. 219, 200 S.E. 2d 182 (1973). We hold the evidence must show plaintiff in some way participated or was involved in the race in order to constitute acquiescence.

We hold the evidence was not sufficient to find as a matter of law that plaintiff acquiesced in Salmon's participation in the race. Whether he did so acquiesce is a question of fact for the jury under the issue of whether plaintiff's conduct was wilful or wanton.

As the case will be returned for a new trial, we think it proper, although not necessary, to make the following statment. If, at retrial, the evidence is substantially as in the record before us, it appears that the following issues would arise:

1. Was plaintiff injured by the negligence of Collins?

2. Was the conduct of Collins wilful or wanton?

3. Did plaintiff by his own negligence contribute to his injuries?

4. Was the conduct of plaintiff wilful or wanton?

5. What amount, if any, is plaintiff entitled to recover from defendant?

On the evidence before us, plaintiff would be entitled to a directed verdict or peremptory instruction on the first and second issues.

The judgment of dismissal on defendant's motion for directed verdict is reversed, and the case remanded for new trial.

Chief Judge MORRIS and Judge CARLTON concur.