ANDERSON *v.* CASHION.

*Harry H. Leake and White, Crumpler, Powell, Pfefferkorn & Green for plaintiff appellant.*
*Sapp & Sapp for defendant appellees.*

―――――――

JACKIE W. ANDERSON AND WIFE, BARBARA W. ANDERSON; JOSEPH
 C. BUMGARNER AND WIFE, HELEN C. BUMGARNER; DONALD F.
 LAMBERT; ROBERT LEE MULLIS AND WIFE, SHIRLEY F. MULLIS;
 HAZEL C. BEAVER AND WIFE, JOSEPHINE A. BEAVER; WILLIAM
 OSCAR BROWN AND WIFE, PAULINE E. BROWN; DWIGHT NEILL AND
 WIFE, JUDY NEILL; JAMES F. LAMBERT AND WIFE, HAZELEEN B.
 LAMBERT; FRED ROBERSON AND WIFE, WILLIE ROBERSON;
 GLENN BALLARD AND WIFE, MRS. GLENN BALLARD; ROBERT
 LUTHER JOHNSTON AND WIFE, ELEANOR S. JOHNSTON, AND PHIL-
 LIP ORBISON AND WIFE, PATTY M. ORBISON v. HAROLD E. CAS-
 HION AND WIFE, VIRGINIA S. CASHION, AND J. OLIN LYLES AND
 WIFE, LOUISE S. LYLES.

(Filed 3 November, 1965.)

1. **Trial § 40—**
    An issue which does not dispose of all material controversies arising on
    the pleadings will not support a final judgment.

**2. Trial § 57—**

 Except in a small claim action, it is irregular for the court, in a trial by the court under agreement of the parties, to render a verdict on issues submitted to itself. G.S. 1-185.

APPEAL by defendants from *McLean, J.,* March 1965 Session of IREDELL.

Plaintiffs seek to enjoin the use by defendants of lots in a subdivision as trailer parks.

Plaintiffs allege and defendants admit these facts: Plaintiffs and defendants own lots in a subdivision known as Lakeview. Plaintiffs have constructed dwellings on their lots and reside therein. Lakeview was developed according to a general plan, and the following restrictions (and none other) are set out in all conveyances of lots of the subdivision:

 "(1) No dwelling shall have less than 850 square feet, not including porches, breezeways or garages.

 "(2) No house shall be erected on a lot less than 100 feet frontage."

Defendants have made plans and preparations to establish and maintain trailer parks on their lots. The trailers will each contain "less than 850 square feet," and have less than 100 feet lot frontage.

Plaintiffs further allege that the use proposed by defendants violates the restrictions, will "cause a breakup of the general plan of development" and will depreciate the value of plaintiffs' property, and that plaintiffs will be irreparably injured and without an adequate remedy at law. Plaintiffs pray that such use be enjoined.

Defendants, answering, aver that the restrictions apply only to houses and dwellings constructed on the lots in the subdivision as a part of the realty, the trailers are not houses or dwellings within the meaning of the restrictions, the trailer parks will be conducted as businesses, and the "restrictions have become obsolete and are an alienation of the property rights of defendants."

The parties waived jury trial and agreed that the judge might determine the facts, apply the law thereto, and enter judgment. Plaintiffs and defendants offered evidence in support of their respective pleadings.

The judge found no facts, but submitted to himself and answered an issue as follows:

 "Do the restrictive covenants contained in the Deeds of the plaintiffs and defendants alienate the property rights of the defendants in the operation of a trailer court or mobile home

court upon their property with more than one trailer or mobile home to each lot of 100 feet frontage, or less than 850 square feet floor space, as contained in said Deeds?

ANSWER:   No."

Judgment was entered restraining defendants from using their lots as temporary or permanent trailer parks "for house trailers or other dwellings containing less than 850 feet, square feet floor area for use as residences, and further, . . . from locating mobile homes on lots containing less than 100 feet frontage . . ." Defendants were ordered to remove trailers which do not comply with the restrictions.

*Kenneth B. Cruse and Marshall B. Sherrin, Jr., for defendant appellants.*
*Robert N. Randall for plaintiff appellees.*

PER CURIAM.   The issue which the court submitted to itself and answered, considered in the light of the pleadings, is of very doubtful meaning at best. Its ambiguity is such that the answer thereto will permit, in one view of the matter, the construction that the verdict is favorable to defendants and is contrary to the judgment entered. Furthermore, the issue, in any view of the matter, does not dispose of all material controversies arising on the pleadings, and therefore it will not support a final judgment. *Rubber Co. v. Distributors,* 253 N.C. 459, 117 S.E. 2d 479. The questions in controversy on the present pleadings are whether the restrictions are unenforceable in equity because of changed conditions, as alleged by defendants, and, if not, whether the uses proposed by defendants violate the restrictions, as alleged by plaintiffs.

Parenthetically, we take note that unless an action is a small claim, G.S. 1-539.5, it is irregular for the court to render a verdict on issues submitted to itself. G.S. 1-185; *Wynne v. Allen,* 245 N.C. 421, 96 S.E. 2d 422.

The verdict and judgment are vacated and there will be a

New trial.