W. C. GIBSON, JR. v. ROSE MARIE JONES, ADMINISTRATRIX OF THE ESTATE OF FRANK E. JONES, AND ROSE MARIE JONES, INDIVIDUALLY

No. 7010DC72

(Filed 1 April 1970)

**1. Pleadings § 19— demurrer — construction of pleadings**

    Upon a demurrer, including a demurrer *ore tenus,* interposed at the outset of a hearing of a case, the pleadings are liberally construed so as to give plaintiff the benefit of every reasonable intendment in his favor.

---

---

**2. Payment § 4; Pleadings §§ 10, 19; Bills and Notes § 18— action on promissory note — demurrer — payment as affirmative defense**

In this action to recover upon a promissory note for $1800, the trial court properly overruled defendants' demurrer *ore tenus* where the complaint and note pleaded therein evidence a debt, a promise to pay, failure to pay, refusal to pay after demand therefor, and notations on the instrument which appear to show payments of $2000 by parties unknown on a debt of $6800, it not being clear that the notations on the instrument represent acknowledgment of payment on the instant debt by the obligors, and payment being an affirmative defense which may not be raised by demurrer.

**3. Trial § 58— waiver of jury trial — judgment of court — necessity for separate findings and conclusions**

When jury trial is waived in the district court, separate findings of fact and conclusions of law must be entered by the trial judge in support of a judgment entered by him. G.S. 1-185.

**4. Trial § 58— trial by court without jury — verdict upon issues answered by court disapproved**

The entry of a verdict by the district court, sitting without a jury, based on issues of fact answered by the court is disapproved.

APPEAL by defendants from *Barnette, District Judge,* Tenth District, 18 September 1969 Session of WAKE County General Court of Justice, District Court Division.

W. C. Gibson, Jr., seeks in this action to recover the sum of $1,800.00 from the defendants. This sum is the amount allegedly due on a note to W. C. Gibson, Jr., signed by Frank E. Jones and Mrs. Rose Marie Jones and executed 20 November 1968. Payment of the note was due on 20 December 1968. Frank Jones died on 23 December 1968. The following notations appear at the end of the note, below the signatures of the obligors:

| "11-25-68 | 5,000.00 | TOTAL — 6800.00 | WCG |
| 12-12-68 | 1,000.00 Pd. | 5800.00 | WCG |
| 12-20-68 | 1,000.00 Pd. | 4800.00 | WCG" |

In answering, the defendants denied the material allegations of the complaint and admitted that the demands of the plaintiff for payment had been refused. The defendants demurred *ore tenus* to the complaint. The demurrer was overruled. Jury trial was waived. The trial judge posed and answered the following issues:

"1. Did Frank E. Jones execute the note referred to in the Complaint?

ANSWER: Yes.

2. Did Rose Marie Jones execute the note referred to in the Complaint?

ANSWER: Yes.

3. What amount .is now due and payable on the note referred to in the Complaint?

ANSWER: $1800.

4. From what date is the above amount due and payable?

ANSWER: Dec. 20, 1968."

Based on thise issues, the trial judge entered the following judgment:

"*JUDGMENT* of BARNETTE, J.          (Filed 9/18/69)

This cause coming on to be heard before the undersigned Judge presiding at the September Civil Session of the District Court Division of the General Court of Justice of Wake County, and the Court having answered the issues as set out in the record;

It is therefore ORDERED, ADJUDGED AND DECREED that the plaintiff have and recover of the defendants the sum of EIGHTEEN HUNDRED DOLLARS ($1800.00) plus interest from December 20, 1968, and that the cost of this action be taxed by the Clerk against the defendants.

This 18th day of September, 1969.

HENRY V. BARNETTE, JR.
Judge Presiding"

The defendant, in her individual and representative capacities, appealed to this court, assigning as error the refusal of the trial judge to sustain the demurrer *ore tenus* entered by her, and his failure to make adequate findings of fact.

*Boyce, Mitchell, Burns & Smith by F. Kent Burns for defendant appellants.*

*Hollowell and Ragsdale by William L. Ragsdale for plaintiff appellee.*

CAMPBELL, J.

**[1, 2]** Upon a demurrer, including a demurrer *ore tenus*, interposed at the outset of a hearing of a case, the pleadings are liberally construed so as to give the plaintiff the benefit of every reasonable intendment in his favor. G.S. 1-151. *Sutton v. Duke,* 7 N.C. App. 100,

171 S.E. 2d 343 (1969). Seen in such light, the complaint and the note pleaded herein evidence a debt, a promise to pay, failure to pay, refusal to pay after demand therefor, and notations on the instrument which appear to show payments, by parties unknown, to "WCG" on a debt of $6,800. The recitations on the note deal with amounts greatly in excess of the face value of the note. It is not clear, thus, that the notations on the instrument represent acknowledgment by the obligee of payment of the instant debt by the obligors. Payment is an affirmative defense and was not specially pleaded by the defendant. 6 Strong, N.C. Index, 2d, Payment § 4. An affirmative defense may not be raised by demurrer. *Leach v. Page*, 211 N.C. 622, 191 S.E. 349 (1937). The demurrer was properly overruled.

[3, 4]     The contention of the defendant that the trial judge did not make proper findings of fact is well taken. Findings of fact and conclusions of law must be entered by a trial judge in support of a judgment entered by him, in compliance with G.S. 1-185. The conclusions of law arising upon the facts must be stated separately from the findings of fact. *Cutts v. Casey*, 275 N.C. 599, 170 S.E. 2d 598 (1969). The entry of a verdict by the trial court, sitting without a jury, based on issues of fact answered by the court is not approved. *Anderson v. Cashion*, 265 N.C. 555, 144 S.E. 2d 583 (1965); *Sherrill v. Boyce*, 265 N.C. 560, 144 S.E. 2d 596 (1965); *Wynne v. Allen*, 245 N.C. 421, 96 S.E. 2d 422 (1954).

The judgment in the instant case does not meet the exception stated in *Harrelson v. Insurance Co.*, 272 N.C. 603, 158 S.E. 2d 812 (1968). There it was determined that it could be ascertained from the judgment what facts the court found and what conclusions of law it drew therefrom, since these were stated *separately* in the judgment. We do not approve of the posing and answering of issues by the court when it sits without a jury, and we reiterate the court's duty, under G.S. 1-185 (now, see G.S. 1A-1, Rule 52), to enter *separate* findings of fact and conclusions of law in its judgment.

For error in law there must be a new trial.

New trial.

PARKER and HEDRICK, JJ., concur.