JIMMY RAY SUTTON v. MARVIN DUKE, KINSTON FERTILIZER COM-
PANY, AND SEABOARD COAST LINE RAILROAD COMPANY

No. 698SC560

(Filed 31 December 1969)

**1. Animals § 3—   fencing in of livestock — Lenoir County**

Lenoir County is subject to G.S. Ch. 68, Art. 3, which requires live-
stock to be kept fenced in and contained by the owner, G.S. 68-39; the
keeper of a pony, mule or other animal is liable for negligently permitting
such animal to escape and go upon the public highways, in the event the
animal does damage to travelers or others lawfully thereon.

**2. Animals § 3—   restraint of animals — legal duty of owner**

The person having charge of an animal is under the legal duty to exer-
cise the ordinary care and foresight of a reasonably prudent person in
keeping the animal in restraint.

**3. Pleadings § 19—   demurrer**

A demurrer to the pleadings challenges the sufficiency thereof.

**4. Pleadings § 19—   demurrer — construction of pleadings**

Upon a demurrer to a complaint on the ground that there is a failure
to state facts sufficient to constitute a cause of action, the allegations are
to be liberally construed so as to give plaintiff the benefit of every rea-
sonable intendment in his favor. G.S. 1-151.

**5. Pleadings § 19—   demurrer — admission of facts**

A demurrer admits, for the purpose of testing the sufficiency of the
pleading, the truth of factual averments well stated and relevant infer-
ences of fact reasonably deducible therefrom.

**6. Pleadings § 19—   demurrer — issues of fact**

A demurrer raises no issue of fact, since it admits the truth of all ma-
terial facts which are properly pleaded.

**7. Animals § 3—   pony roaming at large — mules — injury to motorist
— demurrer**

Allegations that the defendants negligently left open the gate to an en-
closure in which a pony was kept, that the pony escaped and went onto
a lot in which some mules were enclosed, that the pony became excited
and agitated in such a way that the mules broke out of their enclosure,
that one of the mules wandered onto a highway and was struck by plain-
tiff's car, and that plaintiff was injured in the collision, *held* sufficient to
withstand demurrer.

**8. Negligence § 8—   negligent act — proximate cause**

A negligent act, standing alone, does not create liability; but when such
negligent act is a proximate cause of an injury to another person, noth-
ing else appearing, liability does occur.

**9. Animals § 3;   Negligence § 9—   negligent release of pony — injury
to motorist — foreseeability**

It can be reasonably foreseen that a pony, after being negligently re-

leased from its enclosure, would wander onto a highway and be struck by a motorist and that the motorist would be injured.

**10. Animals § 3;    Negligence § 9— pony at large — exciting other animals — foreseeability**

It is reasonably foreseeable that a pony running at large would go to a place where other animals were, and that some injury would result to the person or property of another if the animal at large agitated and excited other animals.

**11. Negligence § 22— pleadings — demurrer**

On demurrer the court is not concerned with whether the plaintiff can prove his factual allegation or establish proximate cause, including foreseeability, at the trial; but the court is concerned only with whether the complaint alleges a cause of actionable negligence against the defendant.

APPEAL by plaintiff from *Hubbard, J.,* at the 6 October 1969 Session of Superior Court held in GREENE County.

In this action plaintiff seeks to recover damages for injuries sustained by him when his automobile collided with a mule on a highway in Lenoir County at about 9:20 p.m. on 22 April 1967.

The material allegations of the complaint are:

"13.    On or about April 22, 1967, the said Railroad did deliver a carload of merchandise or supplies to the premises of the said Kinston Fertilizer Company. The defendants jointly and severally through their respective servants and agents and the said Marvin Duke individually, said agents and servants then and there acting within the scope of and pursuant to their employment, did negligently, carelessly and unlawfully leave the gate to the enclosure wherein said pony was customarily retained, open, enabling said pony to escape and run at large.

14.    The defendants, jointly and severally, and their respective servants and agents therein and acting within the scope of their employment did negligently permit said pony to run at large by (a) leaving the gate to said enclosure open thus permitting said pony to escape and run at large and (b) by failing to exercise proper supervision and care to containing said pony in said enclosure. It being known to all defendants, their agents and servants as aforesaid, that said pony was contained in said enclosure and would likely run at large if not kept enclosed or if the pony was not otherwise supervised and controlled.

15.    At a distance of approximately 500 yards from the aforesaid enclosure and on the opposite side of the rural paved road #1745, Mr. W. I. Herring, then and there, had contained in a

lot or enclosure situate upon lands owned by him and under his control and supervision four mules.

16.  During the early evening hours and just prior to eight p.m. the said white pony, after being negligently permitted to run at large as aforesaid, came to the vicinity of the enclosure wherein said mules were then and there being retained and did agitate, excite, and attract said mules, and said pony did become agitated, excited, and attracted by the presence of such mules, in such a way that the said mules were caused to break down and break out of the Herring enclosure.

17.  Thereafter three of said mules did run at large and one of same was involved in the collision hereinafter described.

*        *        *

25.  The negligence of the defendants, their agents and servants, as aforesaid, and the defendants, Marvin Duke individually, in leaving the gap or gate for said enclosure open and in failing to supervise and contain said pony as aforesaid, thereby permitting said mule to escape, was the sole and proximate cause of the injuries sustained by this plaintiff in the collision aforesaid."

The defendant Seaboard Coast Line Railroad Company (Railroad) entered a special appearance and moved to dismiss on the grounds that it had not properly been subjected to the jurisdiction of the court; at the same time Railroad, in the alternative, filed a demurrer to the complaint asserting that plaintiff had failed to state a cause of action against it. The other defendants demurred *ore tenus* to the complaint on the grounds that plaintiff's complaint does not state facts sufficient to constitute a cause of action against them.

The record does not reveal what disposition was made of Railroad's motion to dismiss on the grounds that it had not properly been subjected to the jurisdiction of the court.

From a judgment sustaining the demurrer of each of the defendants and dismissing the action, the plaintiff appealed to the Court of Appeals.

*Lewis & Rouse by Robert D. Rouse, Jr., for plaintiff appellant.*

*Aycock, LaRoque, Allen, Cheek & Hines by C. B. Aycock for defendant appellee Marvin Duke.*

*Barden, Stith, McCotter & Sugg by L. A. Stith for defendant appellee Kinston Fertilizer Company.*

*Spruill, Trotter & Lane by John R. Jolly, Jr., for defendant appellee Seaboard Coast Line Railroad Company.*

MALLARD, C.J.

**[1, 2]** In Lenoir County the keeper of a pony, mule or other animal is liable under our statutes for negligently permitting such animal to escape and go upon public highways in the event they do damage to travelers or others lawfully thereon. The liability of the keeper rests upon the question of whether the keeper is guilty of negligence in permitting such animal to escape. The same rules as to what is or is not negligence in ordinary situations apply. The person having charge of an animal is under the legal duty to exercise the ordinary care and foresight of a reasonably prudent person in keeping the animal in restraint. *Herndon v. Allen,* 253 N.C. 271, 116 S.E. 2d 728 (1960); *Shaw v. Joyce,* 249 N.C. 415, 106 S.E. 2d 459 (1959); *Kelly v. Willis,* 238 N.C. 637, 78 S.E. 2d 711 (1953); *Gardner v. Black,* 217 N.C. 573, 9 S.E. 2d 10 (1940). In this case the collision of the plaintiff with the mule is alleged to have occurred in Lenoir County. Lenoir County, by the provisions of G.S. 68-39, is subject to the provisions of Article 3, Chapter 68, of the General Statutes of North Carolina which requires livestock to be kept fenced in and contained by the owner.

**[3, 4]** A demurrer to the pleadings challenges the sufficiency thereof. *Teague v. Oil Co.,* 232 N.C. 469, 61 S.E. 2d 345 (1950). Upon a demurrer to a complaint on the grounds that there is a failure to state facts sufficient to constitute a cause of action, the allegations are to be liberally construed so as to give plaintiff the benefit of every reasonable intendment in his favor. *Clemmons v. Insurance Co.,* 274 N.C. 416, 163 S.E. 2d 761 (1968); *Grimes v. Gibert,* 6 N.C. App. 304, 170 S.E. 2d 65 (1969). G.S. 1-151.

**[5, 6]** "A demurrer admits, for the purpose of testing the sufficiency of the pleading, the truth of factual averments well stated, and relevant inferences of fact reasonably deducible therefrom." 6 Strong, N.C. Index 2d, Pleadings, § 19. "A demurrer raises no issue of fact, since it admits the truth of all material facts which are properly pleaded." 1 McIntosh, N.C. Practice 2d, § 1191.

The demurrers in this case admit, for the purpose of testing the sufficiency of the pleadings, the allegation that the defendants were negligent in leaving the gate open and allowing the pony to escape. Defendants contend that the complaint does not properly allege that the negligence of the defendants was one of the proximate causes of plaintiff's injuries, in that, such injuries were not foreseeable in the exercise of due care. Defendants further contend that they could not reasonably foresee that such a chain of events would occur from the negligent act of leaving the gate open. On the other hand, the plain-

tiff contends that the negligence of the defendants gave the pony its freedom; that because of the freedom of the pony, forces were set in motion which directly caused plaintiff's injury; and that defendants were charged with the duty of foreseeing that such negligence was likely to result in consequences of a generally injurious nature.

**[7]** The plaintiff did not make the owner of the mule a party defendant. There is no allegation in the complaint that the owner of the mule failed to exercise due care to retain the mule. There is no allegation that the mule which plaintiff struck was improperly retained prior to the arrival of the pony. The allegations of the complaint are briefly summarized as follows: The defendants negligently permitted the pony to escape on 22 April 1967. After escaping at approximately 8:00 p.m., the pony went about five hundred yards to the lot where some mules were enclosed and there agitated, excited and attracted the mules in such way that the mules were caused to break out of their enclosure. After their escape, one of the mules traveled approximately three-fourths of a mile and wandered onto the highway in plaintiff's lane of travel where it was struck by plaintiff's automobile at about 9:20 p.m. Plaintiff was injured in the collision with the mule.

In the case of *Williams v. Boulerice,* 268 N.C. 62, 149 S.E. 2d 590 (1966), it is said:

"Proximate cause is a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed. *Jenkins v. Electric Co.,* 254 N.C. 553, 119 S.E. 2d 767. Foreseeability is an essential element of proximate cause. *Pinyan v. Settle,* 263 N.C. 578, 139 S.E. 2d 863; *Pittman v. Swanson,* 255 N.C. 681, 122 S.E. 2d 814. This does not mean that the defendant must have foreseen the injury in the exact form in which it occurred, but that, in the exercise of reasonable care, the defendant might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected. *Slaughter v. Slaughter,* 264 N.C. 732, 142 S.E. 2d 683; *Bondurant v. Mastin,* 252 N.C. 190, 113 S.E. 2d 292."

**[8]** It is elementary that there is a distinction between the commission of a wrong and liability to another for commission of such wrong. Standing alone, a negligent act does not create liability. However, when such negligent act is a proximate cause of an injury to another person, nothing else appearing, liability does occur.

In the case before us the plaintiff did not strike the pony that was allowed to run at large but a mule that the pony caused to break out of its enclosure. However, the reasonable inference from the wording of the complaint is that the pony was the sole cause of the mule breaking out and being at large.

[9]    It could be reasonably foreseen that the pony, after being negligently released, would wander upon a highway and be struck by a motorist thereon. Plaintiff's injury was a type which the defendants could have reasonably anticipated from their negligent release of the pony.

[10]    It was reasonably foreseeable that the pony, running at large, would go to where other animals were. One might also reasonably foresee that some injury would result either to the person or property of another if said animal at large agitated and excited other animals.

It is clear, when only the factual allegations of the complaint are considered, that the harm to plaintiff would not have occurred "but for" the defendants' conduct in negligently permitting the pony to run at large and that such was not a remote cause but was one from which consequences of an injurious nature were reasonably foreseeable. *Ratliff v. Power Co.*, 268 N.C. 605, 151 S.E. 2d 641 (1966).

Although the rule is that the liability of the defendants is limited to the legally foreseeable consequence of their conduct, it is not necessary, in order for them to be liable, that they could have foreseen that the mules would have been agitated, excited and attracted by the pony when they negligently permitted the pony to run at large. It is only necessary that the defendants should have been able to foresee that some injury to some person might result from their negligent act in leaving the gate open so the pony could escape. *Hall v. Coble Dairies*, 234 N.C. 206, 67 S.E. 2d 63 (1951).

In 38 Am. Jur., Negligence, § 58, the following language appears:

"It appears that the modern trend of judicial opinion is in favor of eliminating foreseeable consequences as a test of proximate cause, except where an independent, responsible, intervening cause is involved. The view is that once it is determined that a defendant was negligent, he is to be held responsible for injurious consequences of his negligent act or omission which occur naturally and directly, without reference to whether he anticipated, or reasonably might have foreseen such consequences."

SUTTON v. DUKE

In the case before us the complaint does not reveal that there was any independent, responsible or intervening cause involved in the plaintiff's injuries. The question does not arise at this time as to whether the causal connection between defendants' negligence and the injury was broken by the intervention of a new, independent and intervening cause so that the actionable negligence of the defendants would not be a proximate cause of plaintiff's injuries. Nor is there a question as to whether the foregoing is subject to the qualification that if the intervening cause was foreseen or could have been reasonably foreseen by the defendants in the exercise of due care, the negligence of the defendants could be considered a proximate cause, notwithstanding the intervening cause.

This case, according to the allegations in the complaint, bears some analogy to the frightened animal cases. The general rule in those cases seems to be that if one by his negligent act frightens an animal and that animal, in its frightened condition, causes injury to an individual, the negligent party shall be held liable. *Woodie v. North Wilkesboro,* 159 N.C. 353, 74 S.E. 924 (1912).

"A negligent act which frightens an animal is generally considered to be the proximate cause of injuries subsequently caused by the frightened animal." 65 C.J.S., Negligence, § 114.

In *Woodie v. North Wilkesboro, supra,* the defendant, by its negligence, allowed a standpipe to overflow which frightened a horse. The frightened horse ran away, causing injury to the plaintiff. In the case before us the defendants by their negligence allowed a pony to agitate, excite and attract the mule which wandered away and caused injury to the plaintiff. We think the two situations are analogous.

[11]   We are not concerned with whether plaintiff can prove his factual allegations; neither are we concerned with whether plaintiff can establish proximate cause, including foreseeability, at the trial. We are concerned only with whether the complaint alleges a cause of actionable negligence against the defendants.

[7]   We hold that the factual allegations in the complaint, when liberally construed, are sufficient to show proximate cause between the alleged negligent acts and omissions of the defendants and the injuries complained of, and that the demurrers should have been overruled.

The judgment sustaining the demurrers is
Reversed.

MORRIS and HEDRICK, JJ., concur.