JOY ALICIA McMILLAN, BY AND THROUGH HER GUARDIAN AD LITEM TRUDY McMILLAN AND TRUDY McMILLAN, INDIVIDUALLY AND TOM McMILLAN, INDIVIDUALLY, PLAINTIFFS v. FRAN MAHONEY, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR MINOR CHILD, JERRY GUILLOT AND HILDA COX, INDIVIDUALLY, AND AS GUARDIAN AD LITEM FOR MINOR CHILD ANTHONY COX, DEFENDANTS

No. 8928SC384

(Filed 17 July 1990)

1. **Torts § 2.1 (NCI3d)— injury from air rifle pellet—two defendants—concurrent negligence—alternative liability—acting in concert—sufficiency of complaint**

In an action to recover for damages sustained by the minor plaintiff and her parents when she was struck in the head by a pellet from an air rifle fired by only one of the two minor defendants, plaintiffs' complaint, though omitting the words "acting in concert," was sufficient to state a cause of action for concurrent negligence against the minor

defendants on the theory of alternative liability or acting in concert.

**Am Jur 2d, Torts §§ 57, 61.**

2. **Parent and Child § 8 (NCI3d) — children's possession of air rifles — parents' negligence — sufficiency of complaint**

In an action to recover for damages sustained by the minor plaintiff and her parents when she was struck in the head by a pellet from an air rifle, plaintiffs' complaint was marginally sufficient to survive defendant parents' motion to dismiss for failure to state a claim for relief where plaintiffs alleged that defendant parents gave the rifles and ammunition to the minor defendants; defendant parents should have reasonably foreseen the injuries which occurred; defendant parents were negligent "in permitting their children to possess and use air rifles based on all the circumstances existing at that time"; and such allegations gave notice that plaintiffs were proceeding on a theory that defendant parents were independently liable for failing properly to supervise their children's use of the air rifles.

**Am Jur 2d, Parent and Child § 118.**

APPEAL by plaintiffs from judgment entered 12 January 1989 by *Judge Robert D. Lewis* in BUNCOMBE County Superior Court. Heard in the Court of Appeals 17 October 1989.

*C. David Gantt, P.A., by C. David Gantt, for plaintiff-appellants.*

*Robert G. McClure, Jr., P.A., by Robert G. McClure, Jr., for defendant-appellees Mahoney and Guillot.*

*Swain & Stevenson, P.A., by Joel B. Stevenson, for defendant-appellees Cox.*

PARKER, Judge.

On 15 May 1986 plaintiff child Joy McMillan suffered permanent brain damage when she was struck by a pellet from an air rifle. This is an action for the damages suffered by plaintiffs in connection with this injury which was allegedly the result of negligence on behalf of both the minor and the adult defendants. Pursuant to a motion by defendants, the trial judge dismissed plain-

McMILLAN v. MAHONEY

[99 N.C. App. 448 (1990)]

tiffs' complaint under G.S. 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief could be granted. Plaintiffs appeal.

Since the trial judge dismissed under Rule 12(b)(6), we include the relevant portions of the complaint to aid in our analysis. In their complaint plaintiffs allege the following:

8. That on or about May 15, 1986, Defendant Guillot and Defendant Cox were shooting air rifles near the Plaintiffs' home.

9. That either Defendant Guillot or Defendant Cox fired his air rifle in a negligent, careless and reckless manner prior to seeing the Plaintiff was in a safe position.

10. That as a direct result of Defendant Guillot and Defendant Cox's action in shooting their air rifles, the Plaintiff was struck in her brain by a pellet from the guns, causing a permanent head injury and brain damage.

11. That as a direct result of Defendant Guillot and Defendant Cox's negligent actions, the Plaintiff's parents have incurred responsibility for medical expenses in excess of $10,000.00.

## SECOND CAUSE OF ACTION

. . . .

13. That Defendant parents supplied to their respective minor children an air rifle and air rifle ammunition prior to May 15, 1986.

14. That upon information and belief, Defendant parents could or reasonably should have foreseen the injuries that occurred as a direct result of the presentation of the air rifle to their minor children.

15. That on May 15, 1986, the Defendant parents were negligent in permitting their children to possess and use air rifles based on all the circumstances existing at that time.

16. That as a direct result of Defendant parents' negligence, their minor children permanently injured the Plaintiff in an amount in excess of $10,000.00 by firing a pellet that pierced the Plaintiff's brain.

16. [sic] That the Plaintiffs are entitled to receive from the Defendant parents, jointly and severally, a sum in excess of $10,000.00 for the injuries suffered by the minor child Plaintiff.

The sole issue on appeal is whether the complaint is sufficient to state a cause of action for which plaintiffs are entitled to relief. Defendants argue that plaintiffs' complaint is fatally defective for two reasons. First, with regard to plaintiffs' claim against the minor defendants, defendants assert that the complaint is fatally defective in that it fails to allege concerted action and the facts as stated clearly indicate that only one of the minor defendants actually caused the injury for which plaintiffs seek recovery. Second, with regard to the claim against the defendant parents, defendants assert that the complaint is fatally defective because plaintiffs fail to allege notice to defendant parents that their children would misuse the air rifles and, thus, plaintiffs fail to allege an essential element of negligence — foreseeability. We address each of these contentions separately.

[1] Although our research discloses no prior North Carolina cases addressing the issue of liability for the negligent acts of multiple defendants where the plaintiff's injury is the result of only one act but the plaintiff is unable to prove whose act, plaintiffs' complaint in our judgment is sufficient to state a cause of action for concurrent negligence against the minor defendants. Our Supreme Court has held that joint tort-feasors are persons who act together in committing a wrong; they share a common intent to do the act which results in the injury. *Bost v. Metcalfe*, 219 N.C. 607, 611, 14 S.E.2d 648, 652 (1941).

The Restatement (Second) of Torts states:

For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he . . .

(b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or

(c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

Restatement (Second) of Torts § 876(b), (c) (1977). As an illustration of this principle the Restatement gives the following example: "A

and B are members of a hunting party. Each of them in the presence of the other shoots across a public road at an animal, which is negligent toward persons on the road. A hits the animal. B's bullet strikes C, a traveler on the road. A is subject to liability to C." Restatement (Second) of Torts § 876(b) Comment d, illustration 6 (1977). Professors Prosser and Keeton have labeled this theory "established double fault and alternative liability." *Prosser and Keeton on the Law of Torts*, § 41 (W. Keeton 5th ed. 1984). Numerous cases from other jurisdictions allow a plaintiff to recover either under this theory, under a theory of "acting in concert," or under some combination of the two. *See Mangino v. Todd*, 19 Ala. App. 486, 98 So. 323 (1923) (where three sheriff's deputies had unlawfully shot at and injured plaintiff, the court held that the deputies were engaged in a common enterprise and that all were equally responsible for the injury); *Summers v. Tice*, 33 Cal. 2d 80, 199 P.2d 1, 5 A.L.R.2d 91 (1948) (where the parties were members of a hunting group and plaintiff's eye was injured by a single shotgun pellet when defendants fired simultaneously in the direction where they knew plaintiff to be standing, the court viewed both defendants as negligent and shifted the burden of proof to the defendants to absolve themselves of liability); *Orser v. Vierra*, 252 Cal. App. 2d 660, 60 Cal. Rptr. 708 (1967) (where three defendants were shooting at a mudhen in the direction of plaintiff's deceased, and the cause of death was determined to be a bullet fired from a pistol, applying the theories of "alternative liability" and "acting in concert," the court held that the trial court erred in granting summary judgment for defendants where two of the defendants were alternately taking turns shooting the pistol at the mudhen and a third defendant was simultaneously shooting a rifle at the mudhen); *Benson v. Ross*, 143 Mich. 452, 106 N.W. 1120 (1906) (where evidence showed three defendants were shooting at a target using the gun by turns, all defendants were acting in concert in a negligent manner and it was unnecessary for plaintiff to show that the shot which injured him was fired by a particular defendant); *Moore v. Foster*, 182 Miss. 15, 180 So. 73 (1938) (where two constables wrongly fired their guns, inflicting injury on plaintiff, the court concluded that each committed a negligent act in the commission of a common enterprise); *Oliver v. Miles*, 144 Miss. 852, 110 So. 666, 50 A.L.R. 357 (1926) (where the defendants both fired across a public highway during the course of a hunting expedition and a person on the highway was shot, the defendants were held to be jointly and severally liable); *Kuhn v. Bader*, 89 Ohio App. 203, 101 N.E.2d

McMILLAN v. MAHONEY

[99 N.C. App. 448 (1990)]

322 (1951) (where the court held that parties engaged in target practice are jointly and severally liable for injury caused by ricochet even absent evidence of who fired the shot). *See also* Annotation, *Liability of Several Persons Guilty of Acts One of Which Alone Caused Injury, in Absence of Showing as to Whose Act was the Cause*, 5 A.L.R.2d 98 (1949), and Annotation, *Liability for Injury or Death in Shooting Contest or Target Practice*, 49 A.L.R.3d 762 (1973).

In their complaint, though inartfully pleaded, plaintiffs have alleged the following: (i) that the minor defendants were shooting air rifles near the plaintiffs' home on the day the minor plaintiff was injured; (ii) that one of the minor defendants fired his air rifle in a negligent, careless and reckless manner in that he failed to see that the minor plaintiff was in a safe position prior to firing; and (iii) as a result of the minor defendants shooting their air rifles, minor plaintiff was struck in her brain by a pellet and suffered permanent head injury and brain damage. Although the complaint does not contain the words "acting in concert," we believe that under the recognized tort theories discussed above the complaint alleges facts sufficient to give defendants notice of the theory under which plaintiffs are proceeding. Therefore, the trial court erred in dismissing the complaint against the minor defendants pursuant to a motion under Rule 12(b)(6).

[2] As to the sufficiency of the complaint to state a claim for negligence against defendant parents in giving the air rifles to their minor children, *Lane v. Chatham*, 251 N.C. 400, 111 S.E.2d 598 (1959), is instructive. In *Lane* the plaintiff sought damages for loss of his eye when defendants' son shot plaintiff with the child's air rifle. Plaintiff sought recovery from the child's parents based on the parents' alleged negligence in giving the child the air rifle and "in failing, after notice of prior misuse, to prohibit, restrict or supervise his further use thereof." *Id.* at 401, 111 S.E.2d at 600. Defendants moved for nonsuit, but this motion was denied by the trial judge. Defendants appealed from judgment for the plaintiff. The Court stated:

> To impose liability upon the parent for the wrongful act of his child (absent evidence of agency or of the parent's participation in the child's wrongful act), for which the child, if *sui juris*, would be liable, it must be shown that the parent

was guilty of a breach of legal duty, which concurred with the wrongful act of the child in causing the injury.

*Id.* at 402, 111 S.E.2d at 601. The evidence presented at trial tended to show that defendants had given their son the air rifle for Christmas approximately eleven months prior to plaintiff's injury. Two days before plaintiff was shot, the child's mother had given him two boxes of BB shot. That same day the child had shot at plaintiff's older sister, hitting her on the hip and raising a blister. The girl had told the child's mother, who did not respond. There was additional evidence that several weeks before the incident in question defendants' son had chased another child while aiming his gun in the direction of the other child and had shot at yet another child hitting him on the arms and legs and "raising some marks." The mother also had knowledge of these incidents, but took no action. There was no evidence that the boy's father had any knowledge of his son's misuse of the gun. In affirming the judgment as to the mother and reversing as to the father, the Court explicitly held that:

> an air rifle is not a dangerous instrumentality *per se. . . .*
>
> It is noted that there was no evidence as to the make or power of Raymond's air rifle. Nothing else appearing, we assume it was of the type and kind given to plaintiff and his younger brother and used generally by boys of comparable age in the community. Although the evidence is not specific, the implication is that the Lanes and Chathams lived in a rural community or small settlement where it was customary for boys of Raymond's age to have and to use air rifles in the course of their outdoor activities.
>
> Evidence that defendants gave Raymond an air rifle at Christmas 1956, and permitted him to use it, is insufficient, standing alone, to support a jury finding that defendants are liable for Raymond's wrongful act.

*Id.* at 404-05, 111 S.E.2d at 602-03. In the Court's opinion the evidence showed that the mother breached her legal duty when, after learning of her son's misuse of the gun, she failed to exercise reasonable care to prohibit, restrict, or supervise his further use of the gun. *Id.* at 405, 111 S.E.2d at 603. *See also Moore v. Crumpton*, 306 N.C. 618, 295 S.E.2d 436 (1982) (where, in a suit to recover damages for personal injuries inflicted during rape of plaintiff by defendants'

son, the Court held that the parent of an unemancipated child may be held liable in damages for failing to exercise reasonable control over the child's behavior only if the parent had the ability and the opportunity to control the child and knew or should have known of the necessity for exercising such control); *Anderson v. Butler*, 284 N.C. 723, 202 S.E.2d 585 (1974) (where plaintiff sued to recover damages for personal injuries inflicted upon his minor son when he fell from, and was run over by, the forklift operated by defendants' minor son, the Court held that there was sufficient evidence of defendant father's independent negligence in entrusting the forklift to his minor son to take the issue of negligence to the jury, but insufficient evidence that defendant mother was negligent where the evidence showed that she was inside the house all day without knowledge of what went on outside); *Patterson v. Weatherspoon*, 29 N.C. App. 711, 225 S.E.2d 634, *disc. rev. denied*, 290 N.C. 662, 228 S.E.2d 453 (1976) (in an action to recover damages for personal injury to minor plaintiff when defendant's son struck minor plaintiff with the golf putter he was holding, this Court held that in the absence of evidence that defendant should, by the exercise of due care, have reasonably foreseen that his child was likely to use the golf putter in such a manner as to cause injury, his motion for a directed verdict should have been allowed).

In their complaint plaintiffs have alleged that: (i) defendant parents gave the rifles and ammunition to the minor defendants; (ii) defendant parents should have reasonably foreseen the injuries that occurred; and (iii) defendant parents were negligent "in permitting their children to possess and use air rifles *based on all the circumstances existing at that time*." (Emphasis added.) Read liberally this last allegation is sufficiently broad under our notice pleading to encompass the "prior notice" requirement enunciated in *Lane*.

Our Supreme Court has held that for liability to attach for negligent supervision, although the particular injury need not have been foreseeable, the parents must have expected consequences of a generally injurious nature. *Moore v. Crumpton*, 306 N.C. at 624, 295 S.E.2d at 440. Therefore, the parents' knowledge of prior misuse, or of other actions which would give notice of the need to supervise the children's use of the guns, goes to the question of foreseeability of injury to plaintiff child. This Court has held that in reviewing a demurrer to the pleadings, now a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6), the Court is "not concerned with whether plaintiff can prove his factual allegations;

neither are we concerned with whether plaintiff can establish proximate cause, including foreseeability, at the trial. We are concerned only with whether the complaint alleges a cause of actionable negligence against the defendants." *Sutton v. Duke*, 7 N.C. App. 100, 106, 171 S.E.2d 343, 348 (1969), *aff'd*, 277 N.C. 94, 176 S.E.2d 161 (1970). Based on the foregoing, we hold that the complaint is marginally sufficient to survive defendants' motion to dismiss for failure to state a claim for relief in that the general allegations give notice that plaintiffs are proceeding on a theory that defendant parents were independently liable for failing to properly supervise their children's use of the air rifles.

In conclusion, we note that a motion for more definite statement or other discovery pursuant to G.S. 1A-1, Rule 12 would supply factual information not provided in the original complaint. *See Redevelopment Comm. v. Grimes*, 277 N.C. 634, 645-46, 178 S.E.2d 345, 352 (1971); *Sutton v. Duke*, 277 N.C. 94, 106, 176 S.E.2d 161, 168 (1970). In the words of our Supreme Court, "To dismiss the action now would be 'to go too fast too soon.' " *Sutton v. Duke*, 277 N.C. at 108, 176 S.E.2d at 169 (quoting *Barber v. Motor Vessel "Blue Cat,"* 372 F.2d 626, 629 (5th Cir. 1967) ).

Reversed and remanded.

Judges EAGLES and GREENE concur.