ROBIN HINSON, Individually and as Administratrix of the ESTATE OF BILLY DOUGLAS HINSON, JR. and as Guardian ad Litem for minors, TRAVIS WAYNE HINSON and TRISTIN CRAIG HINSON, Plaintiff v. RANDY JARVIS and MANSFIELD JARVIS, Co-Executors of the ESTATE OF JOSEPH MANSFIELD JARVIS and LINNIE PAULINE JARVIS, Defendants

No. COA07-1142

(Filed 20 May 2008)

## 1. Motor Vehicles— automobile accident—absence of negligence by driver's wife

The trial court did not err by granting defendant wife's motion for summary judgment on the theory of negligence arising out of an automobile accident even though plaintiffs allege defendant breached her duty of care to plaintiffs by knowingly riding in a vehicle driven by her husband with knowledge that he had suffered from seizures because: (1) plaintiffs did not make any allegations or present any evidence that defendant was acting in a negligent fashion such that she could be a proximate cause of the accident; (2) assuming that decedent husband suffered a seizure moments before the accident, there was no evidence that defendant in any way brought on that seizure; (3) even if the husband did not suffer a seizure but caused the accident as a result of ordinary negligence, plaintiffs presented no evidence that defendant in any way contributed to that negligence by interfering with his ability to drive; and (4) defendant is not liable strictly by virtue of her marriage to the driver as no married person shall be liable for damages accruing from any tort committed by his or her spouse. N.C.G.S. § 52-12.

## 2. Motor Vehicles— driving automobile without driver's license—aiding and abetting—insufficient evidence

In an action to recover for a death and injuries suffered by the occupants of a vehicle struck by an automobile driven by defendant's husband in which defendant was a passenger, the trial court did not err by granting summary judgment for defendant on the issue of defendant's negligence on the theory that she aided and abetted her husband in operating the automobile because she knew that he was driving after his license had expired in violation of N.C.G.S. § 20-7 since (1) defendant did not "incite" her husband to drive, and only the husband was in violation of the statute; and (2) this was not a case where defendant was aiding her husband's negligence by interfering with his abil-

ity to drive so that the exact cause of the accident could not be known, and liability under the Restatement of Torts § 876 will not be expanded to a third person whose conduct did not fall below an ordinary standard of care or to a case not involving an issue as to which person was the cause of the alleged harm.

3. **Motor Vehicles— joint enterprise—riding to dinner together—insufficient evidence of control by passenger**

Defendant automobile passenger and her driver-husband were not engaged in a joint enterprise at the time of a collision so that the negligence of the driver would be imputed to the passenger, even though they were riding in the automobile together to go to dinner, where the automobile was owned solely by the husband; the passenger was not responsible for the automobile's maintenance, did not own a vehicle, and never drove the automobile or any other vehicle; and there was no evidence that the passenger had any control over the automobile.

Appeal by plaintiff from an order entered 24 January 2006 by Judge Michael E. Helms in Wilkes County Superior Court. Heard in the Court of Appeals 5 March 2008.

*Law Offices of Timothy D. Welborn, P.A., by Timothy D. Welborn and John R. Smerznak, Jr., for plaintiff-appellant.*

*Bennett & Guthrie, P.L.L.C., by Rodney A. Guthrie and Roberta B. King; Joines & Greene, P.L.L.C., by Timothy B. Joines, for defendant-appellee Linnie Pauline Jarvis.*

HUNTER, Judge.

Robin Hinson filed a complaint as administratrix of the estate of Billy Douglas Hinson, Jr., and as guardian ad litem for minors Wayne Hinson and Tristin Craig Hinson ("plaintiffs") against Linnie Pauline Jarvis ("defendant") for negligence, gross negligence, negligent entrustment, and negligence pursuant to the Family Purpose Doctrine.[1] Plaintiffs now appeal the trial court's grant of summary judgment in favor of defendant. After careful consideration, we affirm the ruling of the trial court.

---

1. Plaintiffs also filed a claim against Randy Jarvis and Mansfield Jarvis as co-executors of the estate of Joseph Mansfield Jarvis ("Mr. Jarvis"), for negligence, gross negligence, and negligent infliction of emotional distress. A consent judgment was entered on 11 June 2007 settling all issues to be tried between those parties.

This cause of action arose on 31 March 2003 when plaintiffs, who were in a vehicle together waiting at a stoplight in Wilkesboro, North Carolina, were struck head-on by a vehicle defendant's husband, Mr. Jarvis, was operating. Defendant, riding with Mr. Jarvis at the time of the collision, testified that Mr. Jarvis may have had a seizure moments before the impact. Billy Hinson was killed in the collision, and Robin and Tristin Hinson were seriously injured. Mr. Jarvis also died as a result of the accident.

It is undisputed that Mr. Jarvis had suffered seizures in the past and that his driver's license had not been renewed upon its last expiration date. Defendant testified that she was not comfortable with her husband driving and had admonished him not to do so. In spite of her concerns, she would still travel with her husband while he drove from time to time, including on the day in which the accident occurred. Mr. Jarvis's vehicle, the one involved in the accident, was owned exclusively by Mr. Jarvis. The remainder of the relevant facts and allegations are included in the discussion section of this opinion.

Plaintiffs present the following issue for this Court's review: Whether the trial court erred in granting summary judgment in favor of defendant on all negligence claims brought against her. "We review a trial court's order for summary judgment de novo to determine whether there is a 'genuine issue of material fact' and whether either party is 'entitled to judgment as a matter of law.'" *Robins v. Town of Hillsborough,* 361 N.C. 193, 196, 639 S.E.2d 421, 423 (2007) (quoting *Summey v. Barker,* 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003)); N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007).

I.

Plaintiffs argue that the trial court erred in granting summary judgment in favor of defendant on their various claims of negligence. We address each claim in turn.

A.

**[1]** Plaintiffs' first argument is that the trial court erred in granting summary judgment on the theory of negligence. We disagree.

"'Actionable negligence in the law of torts is a breach of some duty imposed by law or a want of due care—commensurate care under the circumstances—which proximately results in injury to another.'" *Bowen v. Mewborn,* 218 N.C. 423, 427, 11 S.E.2d 372, 374-75 (1940) (citation omitted). With this well-settled rule in mind, we review plaintiffs' alleged causes of action.

Plaintiffs allege that defendant, by knowingly riding in a vehicle with her husband with knowledge that he had suffered from seizures, breached her duty of due care to plaintiffs. Plaintiffs, however, have not made any allegations or presented any evidence that defendant was acting in a negligent fashion such that she could be a proximate cause of the accident. In support of this argument, plaintiffs only cite cases pertaining to a situation in which a third party provides alcohol to an individual before that individual operates a motor vehicle. *See, e.g., Smith v. Winn-Dixie Charlotte, Inc.*, 142 N.C. App. 255, 542 S.E.2d 288 (2001); *Estate of Mullis v. Monroe Oil Co.*, 349 N.C. 196, 505 S.E.2d 131 (1998). Assuming that Mr. Jarvis suffered a seizure moments before the accident, there is no evidence that defendant in any way brought on that seizure. Moreover, even if Mr. Jarvis did not suffer a seizure but caused the accident as a result of ordinary negligence, plaintiffs have presented no evidence that defendant in any way contributed to that negligence by interfering with his ability to drive. Accordingly, we find the cases cited by plaintiffs in which a third party provides alcohol to a driver not applicable to the case at bar. As to any negligence committed on behalf of defendant's husband, she is not liable strictly by virtue of their marriage as "[n]o married person shall be liable for damages accruing from any tort committed by his or her spouse[.]" N.C. Gen. Stat. § 52-12 (2007). Plaintiffs' arguments to the contrary are therefore rejected.

· B.

**[2]** Plaintiffs next argue that the trial court erred in granting summary judgment on the issue of whether defendant was negligent on the theory that she aided and abetted Mr. Jarvis in operating the vehicle. We disagree.

In plaintiffs' complaint, they alleged that defendant was negligent for aiding and abetting Mr. Jarvis in violating N.C. Gen. Stat. §§ 20-7, 20-28, and 20-35 (2007). Section 20-7 requires those driving on the road to be licensed, and section 20-35 sets out the punishments and defenses available for such a violation. Section 20-28, on the other hand, makes it a misdemeanor to drive with a revoked license.

Defendant counters that none of these sections relate to plaintiffs' current argument that defendant aided and abetted defendant in driving negligently. Thus, defendant argues, plaintiffs are asserting this argument to this Court for the first time contrary to the mandates of N.C.R. App. P. 10(b)(1). Although defendant is technically correct, a violation of N.C. Gen. Stat. § 20-7 has been held to be negligent *per*

*se* so long as the negligence was the proximate cause, or a proximate cause, of the injury; thus, plaintiffs have properly presented this issue for review. *Hoke v. Greyhound Corp.*, 226 N.C. 692, 698, 40 S.E.2d 345, 349 (1946).

In an effort to establish "aiding and abetting" in the context of a tort cause of action, plaintiffs rely on section 876 of the Restatement of Torts. Section 876, titled "Persons Acting in Concert," contains the following language:

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he
>
> (a) does a tortious act in concert with the other or pursuant to a common design with him, or
>
> (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or
>
> (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

Restatement (Second) of Torts § 876 (1979).

The Restatement of Torts, however, is not the law of North Carolina unless a section has specifically been adopted. *Cassell v. Collins*, 344 N.C. 160, 163, 472 S.E.2d 770, 772 (1996), *reversed on other grounds by Nelson v. Freeland*, 349 N.C. 615, 507 S.E.2d 882 (1998). This Court has stated that section 876 of the Restatement of Torts is adopted "as it is applied to the negligence of joint tortfeasors." *Stetser v. TAP Pharm. Prods., Inc.*, 165 N.C. App. 1, 20, 598 S.E.2d 570, 583 (2004) (citing *Boykin v. Bennett*, 253 N.C. 725, 118 S.E.2d 12 (1961) (holding all defendants liable for death of passenger as a result of negligence in racing automobiles upon a public highway after utilizing law from Connecticut which had cited section 876)); *McMillan v. Mahoney*, 99 N.C. App. 448, 393 S.E.2d 298 (1990) (applying section 876 where child was injured by a negligent act of one defendant but it was impossible to determine which defendant inflicted the injury).

This Court has cited the section three times but has never explicitly adopted it. Our Supreme Court has cited Connecticut law, which quoted an older but substantially similar version of section 876, but

has also not expressly adopted Restatement (Second) of Torts § 876. Upon review of those cases which have utilized section 876, we find them readily distinguishable from the facts of the instant case. We address the relevant cases in turn.[2]

In *Boykin*, two individuals were racing on a public roadway in separate vehicles in violation of the racing statute, N.C. Gen. Stat. § 20-141.3(a) and (b). *Boykin*, 253 N.C. at 731, 118 S.E.2d at 14. As a result of the race, plaintiff, who was a passenger in one of the vehicles, was killed after that car flipped approximately five times and threw him from the vehicle. *Id.* at 726, 118 S.E.2d at 13. The plaintiff's estate thereafter brought negligence claims against the drivers of both vehicles. As to the issue of liability of the driver of the vehicle in which the plaintiff was not a passenger, the Court stated that

> " 'a person is liable if he * * * (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself.' Restatement, 4 Torts, § 876. 'If the encouragement or assistance is a substantial factor in causing the resulting tort, the one giving it is himself a tort-feasor and is responsible for the consequences of the other's act.' *Id.*, comment on clause (b)."

*Id.* at 731, 118 S.E.2d at 16 (quoting *Carney v. De Wees*, 70 A.2d 142, 145-46 (Conn. 1949)).

In finding that the defendant was liable, the Court held that both were in violation of a negligence *per se* statute, thus satisfying the knowledge element. *Id.* at 732, 118 S.E.2d at 17. The Court also found substantial encouragement on the ground that defendant and the other driver were "inciting each other" to drive recklessly. *Id.* In the instant case, we have no such substantial encouragement to breach a duty of care owed by Mr. Jarvis to plaintiffs; if anything, defendant was only complicit in her husband's breach of ordinary care and did not "incite" him to drive. Moreover, unlike in *Boykin*, only Mr. Jarvis, and not defendant, was in violation of a statute that results in negligence *per se*. We therefore find *Boykin* distinguishable from the instant case.

---

2. In addition to the cases discussed in this section, plaintiffs also rely on *Blow v. Shaughnessy*, 88 N.C. App. 484, 364 S.E.2d 444 (1988). That case, however, involved the imposition of liability on a defendant that encouraged a third party to breach his fiduciary responsibility—a securities law violation—owed to the plaintiff. *Id.* at 489, 364 S.E.2d at 447. This case, however, does not involve any fiduciary relationship between Mr. Jarvis and plaintiffs. We therefore find *Blow* distinguishable from the instant case.

In *McMillan v. Mahoney*, 99 N.C. App. at 451, 393 S.E.2d at 300, the issue was whether the plaintiff had stated a cause of action where two minor defendants were firing an air rifle and plaintiff was struck by one of the pellets but unable to establish which minor defendant fired the pellet that caused the injury. In that case, citing section 876, the Court held that the minor defendants could be held liable as they were acting in concert with one another. *Id.* at 453, 393 S.E.2d at 301. In this case, there are no factual issues as to whether Mr. Jarvis or defendant caused the accident. This is not a case where defendant was aiding her husband's negligence by interfering with his ability to drive so that the exact cause of the accident could not be known.

Because both of the above-mentioned cases are readily distinguishable from the case at bar, we decline to extend liability under section 876 of the Restatement of Torts to a third person whose conduct did not fall below an ordinary standard of care or involve an issue as to which person was the cause of the harm alleged. Plaintiffs' assignment or error as to this issue is therefore rejected.

C.

**[3]** Plaintiffs next argue that the trial court erred in granting defendant's motion for summary judgment on the issue of joint enterprise. We disagree.

In order to establish joint enterprise, " ' "[t]he circumstances must be such as to show that the occupant and the driver together had such control and direction over the automobile as to be practically in the joint or common possession of it." ' " *James v. R. R.*, 233 N.C. 591, 598, 65 S.E.2d 214, 219 (1951) (citations omitted). Here, the undisputed facts establish that defendant did not own the vehicle. Although the complaint alleged joint ownership, both parties agree that this is not in fact the case. Further evidence of defendant's lack of control over the vehicle include that she was not responsible for its maintenance, did not own a vehicle, and never drove the vehicle or any other vehicle. These additional facts make it even less likely that defendant exercised any control over the vehicle, much less enough to establish a joint enterprise.

Plaintiffs attempt to combat these undisputed facts by arguing that defendant and Mr. Jarvis were riding in the car together to go to a dinner. Our Supreme Court, however, has held that " '[a] common enterprise in riding is not enough; the circumstances must be such as to show that plaintiff and the driver had such control [to

amount to] joint possession of it[.]' " *Id.* (citation omitted). Plaintiffs have failed to present evidence that defendant had any control over the vehicle in question. Plaintiffs' arguments to the contrary are therefore rejected.

II.

In summation, the trial court did not err in granting summary judgment in favor of defendant as plaintiffs have presented no issues of material fact. The ruling of the trial court is therefore affirmed.

Affirmed.

Judges ELMORE and STROUD concur.